THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAM EDELSON and Others, Defendants.

County Court, Kings County, July 11, 1938.

*William F. X. Geoghan, District Attorney,* for the plaintiff.

*Frank Scheiner,* for the defendants.

DWYER, J. This is an application to dismiss an indictment after an inspection of the grand jury minutes was granted.

Presto Lock, Inc., was involved in a labor dispute, and on the morning of November 15, 1937, its place of business at 70 Washington street, Brooklyn, was being picketed by a large number of pickets who were on the sidewalk moving in a continuous oval line, carrying signs and chanting. Stationed around the plant were about fifteen police officers, two of them mounted. The picketing was peaceful until about nine o'clock, when an automobile containing the company's foreman and three private detectives pulled up and stopped in front of the plant. When the automobile attempted to discharge its passengers, " the picket line," to quote the testimony of one of the officers, " was broken by the police. The line was broken and an attempt was made to get the passengers safely into the plant. As soon as the line was formed there was a rush of pickets from both sides," and, to quote the testimony of another, " the officers attempted to form a line from the car to the entrance of the building; in other words, they broke the picket line in the center, the formation of the center of the line was immediately lost and two groups, one on each side of two lines, were shouting and yelling * * * they were pressing forward, waving their hands and the sticks with the placards. They broke through the police line just as the door of the car was opened." Shortly after that another group from another automobile made a similar attempt to get through the picket line. In the commotion and excitement that followed, the automobile was damaged, the foreman was assaulted and one of the police officers was injured. The testimony is that the defendant Rosenzweig hit the foreman on the head, the defendant Solomon struck him or " struck at him with his fist " and that the others merely attempted to do so. According to one of the officers, *" the whole thing lasted two or three minutes,"* and, according to another, *" five or six minutes."*

The evidence as to the general commotion during this brief period rests chiefly on answers to leading questions, and the evidence as to the identity of the persons who participated in the commotion, except as to the defendants Rosenzweig and Solomon, is meagre.

The question under consideration is not whether any of the defendants committed malicious mischief, assault or some other offense, but solely whether, in the circumstances disclosed by the competent and legal evidence before the grand jury, the defendants have been properly indicted for or may be convicted of the crime of riot.

The underlying element essential to constitute the statutory crime of riot, and distinguishing it from other crimes involving a breach of peace, is the disturbance of the *public* peace, and that implies the idea of a lawless mob accomplishing or bent on accomplishing some object in such violent and turbulent manner as to create public alarm or consternation or is terrifies or is calculated to terrify people. It is not commonly applied to a brief disturbance even if violence and malicious mischief are involved in the commotion. Nor was it intended to apply to a brief disturbance occurring during the course of picketing incidental to a labor dispute such as existed in this case. There is nothing in the evidence to attribute to any of the defendants any preconceived intent of imposing terror or to do an unlawful act. To permit this indictment to stand is to sanction the whittling away of the right of picketing, a right which the law recognizes and which, from the indications of legislative enactments, it is the policy of the State to protect. Legislative intent is a guiding principle in interpreting statutes, and it is a significant circumstance that by the terms of the recent act relative to lynching and mob violence (Penal Law, §§ 1390, 1391, 1392, as added by Laws of 1938, chap. 397) which, in its purpose, is closely allied with section 2090 of the Penal Law, under which these defendants were indicted, " violence occurring during the course of picketing or boycotting incidental to any labor dispute " is specifically exempted from the provisions of that statute. Undoubtedly the Legislature did not intend to condone violence in labor disputes, but it was realistic enough to recognize the possibility, if not the probability, of attempts to use or pervert criminal statutes from their primary purposes to instruments of oppression in economic disputes.

The defendants challenge not only the sufficiency and competency of the evidence upon which the indictment was found, but raise other objections which we have considered, but, in view of the conclusion we have reached, do not deem it necessary to enlarge upon in this memorandum.

The motion to dismiss is granted.