UNITED STATES, Appellee

v

MILES R. HOGAN, Private, U. S. Marine Corps, Appellant

9 USCMA 365, 26 CMR 145

No. 10,877

Decided June 13, 1958

*Commander H. H. Brandenburg,* USN, was on the brief for Appellant, Accused.

*Lieutenant (jg) John V. L. Ellicott,* USNR, was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

This case reaches us by certificate from The Judge Advocate General of the Navy. The single issue presented concerns the prejudicial effect of the law officer's instruction on voluntariness. The issue arose in the course of the accused's trial by general court-martial wherein he was convicted of numerous offenses in violation of the Uniform Code of Military Justice. In the presentation of its case, the prosecution sought the admission in evidence of two confessions made by the accused, one on July 27, 1956, and the other on July 31, 1956. The earlier confession encompassed the offenses of larceny and unlawful sale of Armed Forces identification cards. The subsequent confession included matter relating to these offenses as well as new matter relating to the offense of forgery of a signature on an identification card.

A Criminal Investigation Detachment agent who had taken the statements testified that on July 27, 1956, he interrogated the accused after first advising him of the offenses of which he was suspected and fully warning him of his rights pursuant to Article 31 of the Code, supra, 10 USC § 831. Initially the accused denied criminality. He was sent to the station infirmary for a pre-confinement physical examination and upon his return expressed a desire to tell the agents about the offenses in

366

question. After again warning him of his rights, he made the first statement. Four days later the agent obtained the second statement after again warning him of his rights. The prosecution offered both statements in evidence.

Taking the stand in his own defense, the accused raised the issue of voluntariness concerning the first statement. Although ackowledging he had been adequately advised of his rights, he stated that the agents had given him the "impression" he "was going to sit in the brig until . . . [he] made up . . . [his] mind to talk" and he "figured that as long as . . . [he] was going to be sitting in the brig . . . [he] might as well tell him the truth." He did not honestly think he would have signed the statement but for the belief he would be confined until he had done so. On cross-examination he replied in the negative when asked whether he knew "that it is the Commanding Officer who orders people into confinement and not some Sergeant in the CID." He did admit, however, that after making the statement and being told he was going to the brig pending completion of the investigation, he was informed the confinement order had been instituted by his Commanding Officer and not by the agents. The accused did not testify concerning the second statement made on July 31, 1956. In rebuttal, the agent expressly denied he had threatened the accused with confinement unless a statement was made. The law officer admitted both statements in evidence over specific defense objection that the first statement had been involuntarily obtained and the second statement was the product of the same unlawful inducement which had procured the first. In admitting the statements, the law officer instructed the court that voluntariness "constitutes a matter which you should consider in determining what weight, if any, you are to give these statements."

The board of review, in considering the issue now before us, recognized that the instruction was in language almost identical with that condemned in United States v Jones, 7 USCMA 623, 23 CMR 87. The board concluded, however, that "the voluntary nature of the confession was not in issue" and, accordingly, the *Jones* rule was inapplicable. Before this Court, the Government, with commendable frankness, conceded that the issue was raised with respect to the first statement. As to the second statement, though, the Government strenuously urged that no issue as to voluntariness was presented. We believe the Government's contentions are well founded. As to the first statement, we have little doubt that an issue was raised which should have been submitted to the court-martial for its consideration under proper instructions. Conviction, therefore, of those offenses which were the subject of the first statement cannot stand.

With respect to the second statement, however, we reach a contrary conclusion. We are unable to find any factual foundation in the record for the accused's claim that the second statement followed as a direct result of and was tainted by the first statement. The accused's testimony, it will be remembered, related only to the first statement. The second statement followed the first by some four days and was preceded by a new Article 31 warning (Code, supra, 10 USC § 831). In addition, the accused admitted being told after the first statement was made that he was being confined by his Commanding Officer pending completion of the entire investigation. From these circumstances, we are constrained to conclude that the alleged unlawful threat, present when the first statement was made, had no effect on the subsequent confession. United States v Bennett, 7 USCMA 97, 21 CMR 223. As to the second statement, therefore, the law officer's erroneous instruction could not have been prejudicial.

On the remand of this case the board of review should also consider whether the offenses of absence without leave (specification and Charge I) and breach of restriction (specification 6, Charge III) are multiplicious for punishment purposes. United States v Modesett, 9 USCMA 152, 25 CMR 414.

The decision of the board of review

is reversed and the record of trial returned to The Judge Advocate General for reference to a board of review or for further action not inconsistent with the views expressed in this opinion.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

I would affirm the decision of the board of review if it were not for the fact that the Government concedes error. However, I see no purpose in ruling against an accused on a factual issue when the prosecution is willing to afford him relief.