UNITED STATES, Appellee

v

ALVIN T. SCOTT, Private, U. S. Army, Appellant

16 USCMA 478, 37 CMR 98

No. 19,579

January 6, 1967

*Captain Stephen Arinson* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain James A. Buttry,* and *Captain Frank J. Martin, Jr.*

*Captain Maurice Jay Kutner* argued the cause for Appellee, United States. With him on the brief were *Colonel Peter S. Wondolowski, Lieutenant Colonel Francis M. Cooper,* and *Captain Richard J. Andriolo.*

478

QUINN, Chief Judge:

The accused was tried by a general court-martial at Fort Benning, Georgia, on seven specifications alleging violations of the Uniform Code of Military Justice. Five of the specifications were dismissed at the end of the Government's case. However, the accused was convicted of assault and battery upon Private First Class Carl K. Dowdey, Jr., by striking him on the chest with his fist, and of assault with a means likely to produce grievous bodily harm upon the same person. He was sentenced to confinement at hard labor for two years, a dishonorable discharge, and accessory penalties. The findings and sentence were approved on intermediate review.

On this appeal, the accused contends the two offenses are not separate for sentence purposes, and the law officer should have instructed the court-martial to that effect, rather than advise it, as he did, that the maximum punishment for each offense could be aggregated. The contention is based upon evidence in the record of trial tending to establish there was no material separation of time and circumstance between the two acts, so that they were merely parts of a single assault upon the victim. United States v Swigert, 8 USCMA 468, 24 CMR 278; United States v Ompad, 15 USCMA 593, 36 CMR 91. The Government concedes error, but maintains it was not prejudicial to the accused and that, in any event, the error was waived by the failure of defense counsel to object. We are not persuaded that either contention applies to this case. At trial, trial counsel relied upon both offenses in urging imposition of "a stern sentence." The staff judge advocate also considered the "seriousness" of both offenses in his recommendation to the convening authority that he approve the sentence adjudged by the court-martial. Under the circumstances, we deem it appropriate that the sentence be reconsidered. United States v Schoenberg, 16 USCMA 425, 37 CMR 45.

The decision of the board of review as to the sentence is set aside. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the board of review for reassessment of the sentence, in light of this opinion.

Judges FERGUSON and KILDAY concur.