UNITED STATES, Appellee

v

LORY D. SAXTON, Private, U. S. Marine Corps, Appellant

17 USCMA 355, 38 CMR 153

No. 20,405

January 26, 1968

*Lieutenant Colonel Frederick H. Campbell* argued the cause for Appellant, Accused.

*Lieutenant Colonel C. R. Larouche* was on the brief for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial convicted the accused of a number of offenses, in violation of the Uniform Code of Military Justice, and sentenced him to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for twelve years. On review, intermediate appellate authorities modified some of the findings of guilty and mitigated the sentence to a bad-conduct discharge, total forfeitures, and confinement at hard labor for three years.

On this appeal, the accused contends that several of the separately alleged acts of misconduct were merely parts of a single transaction, and were not, therefore, separate for the purpose of punishment. The Government concedes that under the circumstances of the case the offenses were not separate, with the result that the law officer erred in his instruction as to the maximum punishment for the offenses found. It asks that the case be remanded to the board of review for reassessment of the sentence in light of the error. See United States v Scott, 16 USCMA 478, 37 CMR 98; United States v Morse, 9 USCMA 799, 27 CMR 67; United States v Maynazarian, 12 USCMA 484, 31 CMR 70. In view of the concession, the decision of the board of review as to the sentence is reversed, and the record of trial is returned to the Judge Advocate General of the Navy for resubmission to the board of review for reconsideration of the sentence. United States v Wagner, 8 USCMA 395, 24 CMR 205; United States v Hogan, 9 USCMA 365, 26 CMR 145; cf. United States v Smith, 11 USCMA 149, 28 CMR 373.

Judge KILDAY concurs.

FERGUSON, Judge (dissenting):

I dissent.

In my opinion, the charges in this case are separately punishable, and the

Government's concession of error is not well-founded. Accordingly, I would reject it and affirm the decision of the board of review.

The accused stands before us convicted of desertion, disrespect to a superior officer, escape from confinement, willful destruction of Government property, riot, assault, and assault upon brig guards in the execution of their duties, in violation of Uniform Code of Military Justice, Articles 85, 89, 95, 108, 116, 128, and 134, 10 USC §§ 885, 889, 895, 908, 916, 928, 934, respectively. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for twelve years. The convening authority reduced the sentence to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for four years. The board of review further mitigated it to bad-conduct discharge, total forfeitures, and confinement at hard labor for three years.

The punishment for accused's desertion and escape are not in issue. Our grant was premised on the law officer's separate treatment for sentence purposes of the offense of riot and those of disrespect, willful damage to Government property, and assault, which occurred during the riot and were committed by the accused individually. The Government concedes this was error on the basis of our decision in United States v Posnick, 8 USCMA 201, 24 CMR 11, pointing to language therein to the effect "if the evidence sufficient to support a conviction on one charge will support a conviction on another charge, the two charges are not separate." *Id.*, at page 203.

*Posnick*, supra, involved charges of unauthorized absence and missing movement through neglect during the period of absence, in violation of Code, supra, Articles 86 and 87, 10 USC §§ 886, 887, respectively. We held the

offenses not separately punishable, as one was included in another. We went on to state the same rule "another way, if the evidence sufficient to support a conviction on one charge will support a conviction on another charge, the two charges are not separate." *Posnick,* supra, at page 203. That is the quotation—snatched from context—on which the Government relies here, and it does not support the conclusion the offenses here charged are merged for punishment purposes. What is more pertinent is our further statement in the *Posnick* case, at page 203:

> ". . . It is of no consequence that we label the individual test of separateness used, 'the gravamen test' or the 'juristic norms test,' or what have you, if we apply the fundamental rule that a person may not be twice punished for the same offense. The law is not the slave of its own terminology—rather, language is the servant of the law."

In this case, the accused was one of the ringleaders in a disturbance which occurred in the brig at Camp Butler, Okinawa. A large group of prisoners broke out of a maximum security facility, defied guards and their superior officers, smashed up the hutments and latrines, broke cell locks, tore down a prison gate, assaulted brig personnel, and, in fact, apparently fought a pitched battle with custodial personnel and additional troops until subdued with fire hoses, tear gas, and by actual physical combat. The charges of disrespect, assault, and destruction of Government property of which accused was found guilty are based on evidence of his personal acts during the riot.

None of these individual acts of defiance and depredation are lesser included in the crime of riot. True, the latter offense involves a breach of the peace, but its essence is the combination of individuals into a lawless group. As we have recently noted, riot is more than a joint assault and battery. United States v Metcalf, 16 USCMA 153, 36 CMR 309. In that case, we definitively treated the offense as denounced by the common law and our statute. We concluded its distinguishing characteristic was the combination of three or more persons, with the intent mutually to assist each other in a tumultuous disturbance, and thereby causing terror to the populace. The gist of riot, we said, is the terror it creates. See also People v Edelson, 169 Misc 386, 7 NYS2d 323 (1938), and 2 Bishop, A Treatise on Criminal Law, 9th ed, § 1147.

Riot, therefore, is in the nature of a conspiracy. Commonwealth v Zwierzelewski, 177 Pa Super 141, 110 A2d 757 (1955). The latter crime has long been held to be separately punishable from the consequences thereof, and, in my opinion, the same principle should apply here. See United States v Yarborough, 1 USCMA 678, 5 CMR 106.

I see no relation for punitive purposes between the accused's separate use of epithets to his superiors, his individual assaults upon guards, and his own destructive acts and his combination with others for the purpose of terrorizing the community with a lawless mob. Cf. People v Edelson, supra. To say these crimes are merged is to indicate that rioters may burn, pillage, and even kill as individuals during their lawless rampage, but can only be sentenced for their collective crimes, the others merging therein. As we have noted, however, the doctrine of multiplicity is to protect against double punishment for one offense. United States v Posnick, supra. In my view, a rioter commits more than just one crime when he specifically and personally engages in other criminal acts during the course of the riot. I, therefore, would allow him to be punished for all he has done.

Accordingly, I would reject the Government's concession of error, hold the law officer's instructions on the maximum sentence correct, and affirm the decision of the board of review.