UNITED STATES, Appellee

v

GRADY TOWNS, Staff Sergeant, U. S. Army, Appellant

No. 27,575

March 1, 1974

*Colonel Arnold I. Melnick, Captain Leland M. Stenehjem, Jr.,* and *Captain Gilbert J. Weller* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Captain Robert B. Kurzweil,* and *Captain Robert C. Roth, Jr.,* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

In a trial before a general. court-martial, the appellant pleaded guilty to three specifications alleging a violation of 21 USC § 841(a)(1).[1] During the sentencing portion of the trial, the judge ruled that specification 1 (possession) was multiplicious for sentencing purposes with specifications 2 and 3 (distribution), and that the maximum authorized confinement at hard labor was 10 years.[2]

Appellate defense counsel contend that the appellant's pleas were improvidently entered based upon his mistaken belief, apparently shared by his counsel,

[1] 21 USC § 841(a)(1) provides in part: [I]t shall be unlawful for any. person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

[2] 21 USC § 841(b)(1)(B) provides for a sentence to imprisonment for 5 years for a first offense involving the controlled substance specified in this case. See 21 USC § 812(c), schedule I(c)(1) (3, 4-methylenedioxy amphetamine).

trial counsel, the military judge, and the convening authority, that the maximum imposable term of confinement was 5 years per offense instead of 1 year per offense as provided in D.C. Code Ann tit 33, § 708 (1967). We agree. United States v Turner, 18 USCMA 55, 39 CMR 55 (1968).

These offenses were charged under that portion of Article 134, Uniform Code of Military Justice, 10 USC § 934, which provides for prosecution thereunder for the commission of "crimes and offenses not capital." The punishment to be imposed in such cases is that "authorized by the United States Code (see, generally, Title 18) or the Code of the District of Columbia, whichever prescribed punishment is the lesser." Paragraph 127c(1), Manual for Courts-Martial, United States, 1969 (Rev).

In United States v Turner, wherein a decidedly similar question was presented, we stated:

[I]n United States v Windham, 15 USCMA 523, 525, 36 CMR 21 [23] [1965], we said, "a plea of guilty may be improvident if it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject. United States v Zemartis, 10 USCMA 353, 27 CMR 427 [1959]; United States v Hamill, 8 USCMA 464, 466, 24 CMR 274 [276] [1957]."

In the case at bar, we believe the misunderstanding as to the offenses and the punishment to be of such magnitude as to warrant holding the plea improvident.

18 USCMA at 60, 39 CMR at 60. See also United States v Correa, CM 429343 (ACMR, July 20, 1973),[3] which involved the precise question before us in this case. The Court of Military Review held Correa's plea to be improvident on the basis of United States v Turner, supra.

██ ██ We hold the appellant's plea of guilty to have been improvidently made. United States v Turner, supra. In light of the evidence in this case, as reflected in the stipulation of fact. Prosecution Exhibit I, appended to this opinion, we also hold that the military judge erred when he overruled trial defense counsel's assertion that all three specifications were multiplicious for purpose of sentencing. See United States v Pearson, 19 USCMA 379, 41 CMR 379 (1970); United States v Murphy, 18 USCMA 571, 40 CMR 283 (1969); United States v Scott, 16 USCMA 478, 37 CMR 98 (1967).

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Senior Judge FERGUSON did not participate in this case.

## APPENDIX

| United States | |
|---|---|
| v | |
| Staff Sergeant Grady Towns 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, Company B, 4th Battalion (Light) (Airborne), 68th Armor, 82d Airborne Division, Fort Bragg, North Carolina 28307 | Stipulation of Fact |

It is hereby agreed and stipulated by and between the Trial Counsel and the

Defense Counsel, with the express consent of the accused, that the following is

[3] The only difference between Correa and the case at bar is the nature of the controlled substance. The two cases were tried at the same base, some 39 days apart and before the same military judge. Correa was also charged with violating 21 USC § 841(a)(1) and the maximum term of imposable confinement was considered to be 5 years per offense.

a true and accurate statement of the facts in the above case:

On 1 September 1972, Mr. Devone Kinston Jr., a CID agent, met PFC Larry Moore in a snack bar in the 4th Battalion, 68th Armor, area and began a conversation with him about drugs. Moore indicated that he knew a man who had some drugs and arranged a meeting between Mr. Kinston and the accused. Mr. Kinston accompanied Moore to his sleeping area where they contacted the accused. The accused asked Mr. Kinston how much he wanted, and Mr. Kinston asked how much he had. The accused said he had three "dime bags." Mr. Kinston received the three tin foil packets from the accused and paid him $30.00 in US currency for them. Mr. Kinston said he would like to purchase some more, and the accused asked him how much. Mr. Kinston replied that he would buy ten more "dime bags," and the accused said he had that many in his car and for Kinston to wait for him about five minutes. The accused left and went to his car where he obtained twelve tin foil packets. He returned to where Kinston and Moore were waiting and received $90.00 in US currency for the twelve packets after giving them to Kinston. Mr. Kinston asked if he could buy some more at a later date and Moore said to come and see him because he was the "middle man." Mr. Kinston then apprehended both the accused and Moore. A subsequent search of the accused revealed the currency used in the purchases. The serial numbers of the bills used had been previously recorded. The accused orally admitted the transaction after having been warned of his rights under Article 31, but declined to reduce his statement to writing. Analysis of the contents of the tin foil packets at the Criminal Investigation laboratory revealed the presence of 3, 4 Methylenedioxy Amphetamine (MDA), a hallucinogenic drug. Distribution or possession with intent to distribute this drug is prohibited by the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 USC Section 841(a)(1).

Grady L. Towns Jr.
SSG, US Army
Accused

John M. Memory
CPT, JAGC
Defense Counsel

John R. Bozeman
CPT, JAGC
Trial Counsel