UNITED STATES

v.

Sergeant Kelvin L. CULBERSON, FR 456–04–3943 7th Security Police Squadron Eighth Air Force (SAC).

ACM 22004.

U. S. Air Force Court of Military Review.

Sentence Adjudged 3 Dec. 1975.

Decided 20 May 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Lieutenant Colonel John P. Diuguid, USAFR. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr. .

Before ROBERTS, ORSER and SANDERS, Appellate Military Judges.

DECISION

SANDERS, Judge:

Tried by a general court-martial military judge, the accused was found guilty, pursuant to his plea, of violating a lawful general regulation by wrongfully possessing and selling a drug, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was also found guilty of another offense involving the sale of the same drug some fourteen days earlier although he stood mute when called upon to enter his plea as to that specification. The approved sentence provides for a bad conduct discharge, confinement at hard labor for seven months, forfeiture of $225.00 per month for seven months and reduction to airman basic.

Our review of this record of trial discloses a matter warranting discussion concerning the maximum imposable sentence for the two offenses for which a guilty plea was entered in view of the recent Court of Military Appeals case of *United States v. Smith*, 1 M.J. 260 (1976). In this regard,

the two offenses were considered separate for punishment purposes.

In addition, appellate defense counsel have submitted a supplemental assignment of error concerning the trial counsel's argument on sentence. In his argument, trial counsel suggested to the court that "deterrence of others" was a proper factor to consider in determining a sentence in the case.

The facts and circumstances surrounding these two offenses were established during the providency of pleas inquiry (*United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969)) and in a stipulation of fact entered into evidence. Succinctly a government informant made a controlled buy of the drug from the accused on 18 June 1975. The sale took place in the accused's barracks room. The amount of the drug sold to the informant came from a box in which the accused had a larger quantity of the same drug. Some twenty minutes after the sale, the accused was apprehended at his place of duty. His room was subsequently searched and the larger quantity of the drug was seized.

■ As before indicated, the trial participants considered the charged sale and possession offenses on 18 June 1975 as separate for punishment purposes. We agree with this conclusion.

Previous decisions have held that charges of attempted sale and possession of the same drug, in the same quantity, within a short time span are multiplicious for punishment purposes (*United States v. Harden*, 50 C.M.R. 354 (A.C.M.R.1975)), rev'd on other grounds, 1 M.J. 258 (1976), and that charges of possession and sale of the same drug, in identical amounts, on the same date are multiplicious for sentencing purposes. *United States v. Rigsby*, 44 C.M.R. 772 (N.C.M.R.1971). Likewise, decisions have held that charges of possession and distribution of a drug are multipli-

cious for sentencing purposes where the accused distributed the amount of the drug he possessed (*United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974)), and that charges of wrongful possession and wrongful introduction on a military post of a drug, at the same time and place, are multiplicious in considering the maximum authorized punishment. *United States v. Sloan*, 47 C.M.R. 436 (A.C.M.R.1973), aff'd, 48 C.M.R. 211. In *United States v. Smith*, *supra*, the Court of Military Appeals went a step further and held that even where the quantity of a drug possessed by the accused exceeded the amount he attempted to sell, charges of attempted sale and possession were multiplicious. The attempted sale had occurred shortly before and at the same place where the accused was apprehended while in possession of the drug. The Court stated that the facts were so "integrated as to emerge as a single event subject only to a single punishment." 1 M.J. at 261.

In our opinion, it would be an unnecessary and unwise extension of the holding in *Smith* to apply it to the facts in the instant case. While we recognize that the proposed rule set out in the separate (concurring in the result) opinion of Chief Judge Fletcher [1] would apparently reach the situation in this case, the principal opinion did not go so far. As we compare *Smith* with the case at bar, a significant factor appears to distinguish the two. In *Smith*, the accused did not relinquish possession of any part of the drug. The possession charged against him included the quantity of drug he was charged with attempting to sell. In the case *sub judice*, a completed sale had taken place and possession of that amount had passed to another person. The facts of this case demonstrate that the accused was not charged with possessing a quantity of drugs which included the amount he had sold. To the contrary, the facts indicate that he was

---

1. The rule is stated as follows: "Absent an expression of congressional intent to the contrary, it is inappropriate to subject an individual to multiple punishment for multiple drug offenses where the drug allegedly distributed, transferred, used, or sold is part or all of the quantum of the drug allegedly possessed."

charged with possessing a separate quantity, a quantity that was for his own continued or future possession, enjoyment, transfer, distribution, sale or other use to which he might decide to put it.[2] In our view, what occurred amounted to separate events and, under the circumstances, distinct offenses, separately punishable. Cf. *United States v. Maginley,* 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963); *United States v. Sierra,* 38 C.M.R. 869 (A.F.B.R.1968), pet. denied, 38 C.M.R. 441. Identical punishments have been prescribed for the sale and the possession of the type drugs here charged.

The tendency, therefore in military law seems to have been to treat the crimes as separate and equal. We believe that is the correct view. . . .

*United States v. Maginley, supra,* 32 C.M.R. at 448.

■ While it may be true that holding the offenses as separately punishable subjects an individual to a more severe maximum permissible punishment where he sells only a part of the drug he possesses as compared to an individual who sells all his wares at one time, we believe that result is entirely appropriate. In the latter situation, the individual is no longer committing any offense once the sale of the drug is completed. His illegal activity has ceased in so far as the drug in question is concerned. His possible future activity with other drugs, presupposing such a propensity, is another matter. In the former situation, as in this case, an offense, distinct from the sale, is being committed. He remains in possession of a proscribed substance which is, at least, available for his own use, enjoyment or possession and, at the worst, is available for transfer, sale or distribution to other individuals. It is this continued illegal activity and inherent threat generated by his possession of a separate quantity of the drug that warrants separate punishment for this distinct offense.

■ As a part of his argument prior to sentencing, trial counsel made the statement that the court should "strive to set an example for other people on this base, and other bases, who might be involved in similar things." Appellate defense counsel complain that this statement suggests a "general deterrence" theory which was firmly rejected in *United States v. Mosely,* 1 M.J. 350 (1976). We have carefully examined the trial counsel's brief closing argument on sentence and do not conclude that, taken as a whole, it urged a more severe sentence than would otherwise be appropriate. *United States v. Miller,* 1 M.J. 357 (1976). Thus, we do not find the trial counsel's argument to be improper. *United States v. Davic,* 1 M.J. 865 (A.F.C. M.R.1976).

Even were we to assume that the statement was improper under the guidelines of *United States v. Mosely* and *United States v. Miller,* both *supra,* we are convinced there was no reasonable likelihood that the accused was prejudiced. This trial was before a Military Judge sitting alone. It can be safely presumed that he was unaffected by any impropriety in trial counsel's comments. *United States v. Moore,* 1 M.J. 856 (A.F.C.M.R.1976). Too, the sentence adjudged was lenient compared with the maximum authorized for the findings of guilty (confinement at hard labor for 6 years). *United States v. Bates,* 1 M.J. 841 (A.F.C.M.R.1976).

For the reasons stated, the approved findings of guilty and the sentence are

AFFIRMED.

ROBERTS, Senior Judge, and ORSER, Judge, concur.

---

2. Although the two specifications did not allege specific weights or quantities of the drug, rather, charged the sale and possession of "a substance containing" the proscribed drug, "the duplication of two or more offenses for the purpose of punishment is not determined only by reference to the specifications of the offenses; the 'facts in each case . . . [are] controlling.' " *United States v. Smith, supra,* 1 M.J. at 261.