**UNITED STATES**

v.

**Sergeant Micah E. IRVING, FR 550–08–0987 307th Field Maintenance Squadron 1st Strategic Aerospace Division (SAC).**

**ACM 21851 (f rev).**

U. S. Air Force Court of Military Review.

17 June 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

LeTARTE, Chief Judge:

Contrary to his pleas, the accused was convicted of four specifications alleging wrongful disposition of heroin and one of wrongfully soliciting another to sell heroin, all offenses having been charged as violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The sentence, as approved, extends to dishonorable discharge, total forfeitures, confinement at hard labor for three years and reduction in grade to airman basic.[1]

In their initial brief, appellate defense counsel asserted eight assignments of error. We discussed one of these in our original, unpublished decision, dated 19 September 1975, and pursuant thereto returned the

---

1. On 4 May 1976, the Commander, Lowry Technical Training Center, Lowry Air Force Base, Colorado, suspended the confinement in excess of 24 months duration.

record of trial to the convening authority for a new review and action. Such proceedings having been completed, the case is again before us upon further review.

In addition to inviting our attention to the errors initially asserted, appellate defense counsel have submitted four others for our consideration. In our opinion, only the following issues merit discussion.

I

APPELLANT WAS DEPRIVED OF THE SPEEDY REVIEW TO WHICH HE WAS ENTITLED.

II

APPELLANT IS ENTITLED TO A REHEARING ON SENTENCE IN VIEW OF THE GROSS DISPARITY BETWEEN THE MAXIMUM SENTENCE GIVEN TO THE JURY (45 YEARS) AND THE MAXIMUM UNDER ARTICLE 92 (10 YEARS).

Following our original decision, the record of trial was dispatched to the convening authority on 23 September 1975, and was received in the office of his staff judge advocate on 20 October 1975. The new review was completed on 19 December 1975, and the convening authority's new action was taken four days later without the defense counsel having been afforded an opportunity to correct or challenge the review. *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

Because of these circumstances, appellate defense counsel contend that the Court's mandate in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), was violated in that more than 90 days elapsed from the date of our original decision until the date of the convening authority's new action. Furthermore, counsel contend that the Government must also be held responsible for the delay until 13 January 1976, the date a copy of the review was received by the accused's counsel.[2] We disagree with both contentions.

■ The *Dunlap* presumption of denial of speedy post-trial disposition of a case simply is not applicable to delays that occur subse-

quent to the general court-martial convening authority's *initial* action. *United States v. Burton,* 50 C.M.R. 547 (A.F.C.M.R.1975), pet. denied (29 August 1975). *United States v. Mixson,* 1 M.J. 569, 570 (A.C.M.R. 1974). The presumption is strictly limited to that period of post-trial confinement between sentencing and action and not to delays that occur after the appellate process has begun. *United States v. Burton,* supra. Hence, when a new review and action has been ordered by an appellate court, there is no specific period of time for which a denial of speedy post-trial disposition of the case is *presumed.* Instead, the possible prejudicial effect of such delays is dependent upon the relevant facts and circumstances. *United States v. Timmons,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).

■ Having carefully scrutinized such circumstances in the instant case, we are satisfied that the delay in accomplishing the new review and action could not possibly have prejudiced the accused's substantial rights. *United States v. Prater,* 20 U.S.C. M.A. 339, 43 C.M.R. 179 (1971); *United States v. Timmons,* supra. In addition, in view of our finding that the new review was prepared in substantial compliance with paragraph 85, Manual for Courts-Martial, 1969 (Rev.), and the curative action taken by us with respect to the issue hereinafter discussed, we perceive no possibility of prejudice stemming from the fact that the convening authority completed his new action without first complying with the Court's mandate in *United States v. Goode,* supra. *United States v. Prater,* supra; *United States v. Davis,* 20 U.S.C.M.A. 541, 43 C.M.R. 381 (1971).

With respect to appellate defense counsel's next assignment of error, the court was instructed that the maximum confinement at hard labor imposable for the crimes of which the accused was convicted was 45 years. In arriving at this figure, the military judge rejected defense counsel's contention that the solicitation, transfer and possession offenses, all of which occurred on

---

**2.** See *United States v. Goode,* supra, footnote 1.

the same day, were multiplicious for sentencing purposes.

The relevant evidence indicates that on 14 August 1974, Sergeant Reither was approached by the accused who solicited Reither to sell heroin for which Reither was to be paid a commission. Later the same day, Reither and the accused went to McDonald's room where the accused emptied about half of the contents of a small bottle and wrapped the substance in separate packets which he divided between Reither and McDonald. The accused retained the remainder of the substance which was later identified as heroin.

On this evidence, the accused was charged with soliciting Reither to sell heroin, transferring heroin to Reither and possessing heroin.

Appellate defense counsel have not contended that these offenses were multiplicious for sentencing purposes. They have limited their argument to the alleged prejudicial disparity in the maximum imposable confinement resulting from charging the heroin disposition offenses as violations of Article 134, Code, supra, rather than Article 92. Nevertheless, we will consider the multiplicious aspect of the offenses as well as the effect of the codal provisions under which they were charged.

In *United States v. Smith*, 1 M.J. 260 (1976), Chief Judge Fletcher made the following remarks in a separate (concurring in the result) opinion:

> Absent an expression of congressional intent to the contrary, it is inappropriate to subject an individual to multiple punishment for multiple drug offenses where the drug allegedly distributed, transferred, used, or sold is part or all of the quantum of the drug allegedly possessed. To hold otherwise would subject the individual who transfers only a portion of the

drug in his possession to a penalty twice as severe as that applicable to a drug dealer who succeeds in distributing his entire cache.

At first blush, literal application of this rule would seemingly render the accused's possession and transfer of heroin offenses multiplicious. We do not believe, however, that Judge Fletcher intended that his rule be applied literally. It does not, for example, provide for variations in time intervals, separate persons to whom the drug may have been distributed, transferred, or sold, or the number of times the individual may have partaken of his illegal cache.

■ Admittedly, the result envisioned by Judge Fletcher might occur if a drug dealer has not divested himself of all of his contraband at one time, but such result is no more illogical than affording the dealer continuing immunity from increased punishment when he has retained part of the drug in his possession to do with as he wishes. Hence, in our opinion, it is only when the quantum of the drug allegedly possessed has been *entirely* distributed, transferred, used or sold in a single transaction that multiplicity, for punishment purposes, exists. *United States v. Culberson*, 1 M.J. 1181 (A.F.C.M.R.1976). See *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971).

■ We are satisfied, therefore, that the heroin possession and transfer offenses in the case before us were separate for punishment purposes.[3] We have also concluded, under the circumstances of this case, that the solicitation to sell heroin offense was separately punishable. This offense occurred during the morning hours of 14 August 1974, and was completed at the time the accused offered to give Reither heroin to sell on a commission basis. In this respect, had the accused done nothing further

---

3.  Both of these offenses occurred several hours after the accused had solicited Reither to sell heroin. In *United States v. Culberson, supra*, which involved similar circumstances, we held that a completed sale and possession of a drug were not multiplicious offenses where the facts demonstrated "that the accused was not

charged with possessing a quantity of drugs which included the amount he had sold." Here, as in *Culberson,* the evidence indicated that after transferring heroin to Reither, the accused continued to possess a separate quantity of the drug.

at this point in time, he was guilty of soliciting another to sell heroin, an offense punishable by the maximum punishment authorized (not in excess of five years confinement at hard labor) for the offense solicited. Manual for Courts-Martial, supra, Table of Maximum Punishments, footnote 7.

 Turning to the questioned propriety of charging the drug disposition offenses as violations of Article 134 rather than Article 92, we are well-aware that this issue is currently pending resolution before the Court of Military Appeals. If, as appellate defense counsel contend, Article 92 is the proper pleading vehicle for such offenses, then the maximum confinement at hard labor that could have been imposed by the court would be 10 years—not 45. This is a significant difference that might well have affected the court's deliberations on an appropriate sentence. *United States v. Crusoe,* 3 U.S.C.M.A. 793, 14 C.M.R. 211 (1954).

The Court of Military Appeals has recently vacated many of our decisions in which this issue has appeared. Further, these cases have been returned to us to hold in abeyance pending the Court of Military Appeals' resolution thereof. Therefore, in order to provide a measure of finality to this decision, we will assume without deciding, that the court was improperly instructed as to the maximum permissible punishment and will reassess the sentence. *United States v. Saxton,* 17 U.S.C.M.A. 355, 38 C.M.R. 153 (1968); *United States v. Crusoe,* supra.

Having done so, we find that only so much of the sentence as provides for dishonorable discharge, total forfeitures, confinement at hard labor for two years and reduction in grade to airman basic is appropriate.

The findings of guilty, and the sentence as modified herein, are

AFFIRMED.

EARLY, Senior Judge, and FORAY, Judge, concur.