**UNITED STATES**

**v.**

**Airman Thomas M. CORIGLIANO, FR 122–48–5554 3421st Student Squadron (presently of 49th Civil Engineering Squadron) Lowry Technical Training Center (ATC).**

**ACM S24264 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 July 1975.

Decided 2 Sept. 1976.

Appellate counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

EARLY, Senior Judge:

Pursuant to his pleas, the accused was convicted of four specifications alleging wrongful sale, use and possession of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and two specifications alleging possession and use of amphetamines, contrary to Article 92. The approved sentence extends to bad conduct discharge, confinement at hard labor for four months, forfeiture of $229.00 per month for four months and reduction in grade to airman basic. On 3 November 1975, the Commander, Lowry Technical

Training Center, Lowry Air Force Base, Colorado, suspended the bad conduct discharge and forfeitures then remaining and restored the accused to duty.

In our initial decision in this case, we affirmed the findings of guilty and the sentence. On 6 February 1976, the Court of Military Appeals vacated our decision and remanded the record of trial to us with instructions to hold further proceedings in abeyance pending resolution of the relevant issues in *United States v. Jackson* [order] (1976), and *United States v. Courtney*, 1 M.J. 438 (1976);[1] *United States v. Graves* [order] (6 August 1976);[2] and *United States v. Mosely (and Sweisford)*, both 24 U.S. C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976).[3]

Although the issues in the case before us are the same as those in the cited cases, here, the accused was tried by special court-martial, a forum for which the maximum sentence is limited by statute to bad conduct discharge, confinement at hard labor for six months, hard labor without confinement for three months, forfeiture of two-thirds pay per month for six months and reduction to the lowest enlisted grade. Article 19, Code, supra; Manual for Courts-Martial, 1969 (Rev.), paragraph 126e.

Consequently, the maximum permissible penalty in the instant case was less than that authorized for any one of the several offenses of which the accused pleaded guilty, whether charged as violations of Article 134 or Article 92 and irrespective of the multiplicity aspect of the offenses. Accordingly, we find that issues concerning the propriety of charging offenses as violations of Article 134, rather than Article 92, the providency of an accused's pleas of

guilty to such offenses, and the multiplicious nature of simultaneous possession of different drug offenses are not material in cases tried by special court-martial. Cf. *United States v. Wilson*, 2 M.J. 259 (A.F. C.M.R. 9 August 1976).

The findings of guilty and the sentence are

AFFIRMED.

LeTARTE, Chief Judge, and FORAY, Judge, concur.

---

1. In *Courtney* (and *Jackson*), the Court held that the maximum penalty for drug offenses charged as violations of Article 134, UCMJ, must be limited to that imposable for violating Article 92.

2. Graves pleaded guilty to six specifications alleged as violations of Article 134 and for which the maximum penalty included 60 years confinement at hard labor. The same offenses charged as Article 92 violations would have provided a maximum confinement of 12 years confinement. Hence, on the basis of its ration-

ale in *Courtney*, supra, and *United States v. Harden*, 1 M.J. 258 (1976), the Court apparently found the accused's pleas improvident.

3. The pertinent issue granted in the *Mosely* and *Sweisford* cases was decided by the Court in *United States v. Hughes*, 24 U.S.C.M.A. 169, 51 C.M.R. 388, 1 M.J. 346 (1976), wherein the Court held that simultaneous possession of different drugs constitutes a single offense for punishment purposes.