UNITED STATES

v.

**Airman Basic Raymond D. FULLER, FR 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 4787th Material Squadron Aerospace Defense Command.**

**ACM S24408.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 March 1976.

Decided 9 Nov. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Colonel Robert W. Norris and Captain Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr. and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

DECISION

BUEHLER, Senior Judge:

At his trial by special court-martial with members, the accused was convicted, contrary to his pleas, of one specification each of sale and possession of marijuana and one specification of an attempt to sell amphetamines, in violation of Articles 134 and 80, 10 U.S.C. §§ 934 and 880, Uniform Code of Military Justice. He was also found guilty, pursuant to his plea, of one specification of

failure to obey the lawful order of a security policeman in the performance of his duties, in violation of Article 134. The sentence, as approved, extends to a bad conduct discharge, confinement at hard labor for six months and forfeiture of $240.00 per month for six months.

Appellate defense counsel have asserted several errors, only two of which warrant our consideration. The remainder were adequately treated in the staff judge advocate's post-trial review or are without merit.

Appellate defense counsel assert:

THE MILITARY COURT TOTALLY LACKED JURISDICTION TO TRY THE APPELLANT FOR OFFENSES WHICH WERE COMMITTED ON OTHER THAN A MILITARY INSTALLATION.

The gist of counsel's assertion is that the offenses occurred in a civilian community; hence, the offenses were not "service connected within the standard established in *O'Callahn (O'Callahan) v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), as further explained in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971)." We disagree.

■ A brief recitation of the pertinent facts is necessary to an understanding of the basis of this assertion. All of the offenses occurred within the confines of Duluth International Airport, Minnesota. The land comprising the military portion of this airport has never been accepted by the United States Government pursuant to 40 U.S.C. § 255.[1] Nevertheless, the installation is listed as a separately located and defined area of real property in which the Air Force exercises a real property interest.[2] Therefore, for the purpose of determining whether an offense is service connected, the Air Force portion of Duluth International Airport is, in our opinion, "a place under military control" within the meaning intended in *O'Callahan v. Parker* and *Relford v. Commandant*, both *supra*. Our conclusion is buttressed by the fact that one of the questioned offenses, the unlawful failure to obey a lawful order, involved the accused's failure to stop at the main gate of the airport when ordered to do so by the gate guard, a military, security policeman.[3]

For the reasons stated, we find the military properly exercised its jurisdiction over the offenses in issue.

■ Appellate defense counsel also contend that the accused was improperly charged under Article 134, as opposed to Article 92, for possession and sale of marijuana. *United States v. Courtney*, 24 U.S. C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976). Since the accused was tried by special court-martial, we perceive no merit in this contention. As we held in *United States v. Corigliano*, 2 M.J. 282 (A.F.C.M.R. 2 September 1976), issues concerning the propriety of charging offenses as violations of Article 134, rather than Article 92, are not relevant in cases tried by special court-martial, where the maximum punishment is statutorily limited to less than that provided for violating a lawful general order.

The findings of guilty and the sentence are

AFFIRMED.

HERMAN and ORSER, Judges, concur.

---

1. This section creates a presumption against acceptance of jurisdiction, exclusive or partial, over land acquired by the United States Government, in the absence of notice of such acceptance having been filed with the governor of the state in which the land is located.

2. Air Force Pamphlet 87–13, The United States Real Property Installations Directory (Worldwide), dated 26 July 1976.

3. Of course, this offense is service connected without regard to whether it occurred on or off a military reservation. Such offense is not among those traditionally prosecuted in civilian courts. *Relford v. Commandant, supra*.