UNITED STATES

v.

Airman First Class William M. CLAY, FR 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 92d Supply Squadron Fifteenth Air Force (SAC).

ACM S24208 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 Feb. 1975.

Decided 29 Nov. 1976.

---

8. See also *United States v. Brown,* 2 M.J. 713 (A.F.C.M.R. —— November 1976); *United States v. Meck,* 2 M.J. 308 (A.F.C.M.R. 29 October 1976).

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

EARLY, Senior Judge:

Tried by special court-martial, military judge alone, the accused was convicted, despite his pleas, of six offenses involving marijuana, and disorderly in station, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $200.00 per month for three months and reduction to airman basic.

In our original unpublished decision, dated 8 August 1975, we affirmed the findings and sentence. However, on 6 February 1976, the Court of Military Appeals vacated our decision and remanded the record of trial with directions to hold further proceedings in abeyance pending disposition of the issue granted in *United States v. McCarthy*. That case now having been decided, *United States v. McCarthy*, 25 U.S.C. M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (24 September 1976), the instant case is again before us for resolution.

In *McCarthy, supra*, the Court found that the accused's offense of "wrongfully transferring 3 pounds of marijuana to a fellow soldier 'just outside' gate 3 of Fort Campbell, Kentucky," was "service connected as that term was explained in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969)." In arriving at this holding the Court applied the 12 criteria detailed in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971),

and concluded that four of these criteria weighed in favor of the exercise of military jurisdiction. At the same time the Court stated that in resolving service connection issues, the *Relford* criteria must be thoroughly analyzed to determine "whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts." *United States v. McCarthy, supra*, quoting *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

██ Appellate defense counsel challenge the exercise of military jurisdiction over the off-base sale, possession, use and transfer of marijuana alleged. The facts apposite to their contention are summarized as follows. Special Agent Jones of the Air Force Office of Special Investigations approached the accused in a parking lot on Fairchild Air Force Base, Washington, on 30 September 1975, and, referring to an earlier meeting with the accused when he had purchased two "lids" of marijuana and had discussed the purchase of a larger quantity of marijuana, told the accused that he had the money for the second purchase. The accused agreed, and in the company of another airman and Jones, got in the accused's car and drove off the base. Just prior to leaving the base Jones noticed four hand-rolled cigarettes in the ashtray of the accused's car which the accused identified as marijuana. After leaving the base, the accused gave Jones and the other airman one cigarette each and took one himself. The three smoked the cigarettes, and Jones managed to secrete the remains of his in his shoe. Subsequent analysis disclosed that it contained marijuana. Upon arriving at their destination, an apartment complex some three miles from the base, the accused left the automobile and shortly thereafter returned with a brown paper bag containing a number of baggies filled with green vegetable material. He passed two baggies to the airman in the rear of the car, placed several under the front seat, and gave the bag containing eight baggies to Jones, who

paid him $60.00, the price agreed on earlier. The baggies taken by Jones were found to contain marijuana. On the way back to the base, the three shared the remaining marijuana cigarette, the residue of which Jones managed to secrete in his shoe.

At the outset it is clear that the accused did not believe that Jones was a member of the military services. However, we find the following facts dispositive of the issue of service connection:

1. The accused possessed marijuana on base (Relford factors 3 and 12);

2. The accused transferred marijuana to a fellow serviceman off base, but said marijuana was brought back onto the base by the transferee (Relford factors 2, 6, 9 and 10);

3. The accused used marijuana off base (Relford factors 9 and 10);

4. The intent to commit the offense of sale of marijuana was formulated on base and concluded on base (Relford factors 2, 9 and 10).

Looking at these facts, it is obvious that the possession of marijuana by a serviceman on base in violation of a valid general regulation is service connected under any criteria. In addition it is highly unlikely that any civilian court would consider the exercise of its jurisdiction over this offense "appropriate." See *Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973). Second, the transfer of marijuana to another serviceman off base where it is anticipated that the recipient will bring it back on base is a flouting of military authority and a threat to the military base. *Schlesinger v. Councilman*, 420 U.S. 738, 760, n.34, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). Third, the use of marijuana by the accused in the presence of another serviceman, particularly where he supplied the other serviceman with marijuana for his own immediate use also constitutes a flouting of military authority. See *United States v. Campbell*, 2 M.J. 689 (A.F.C.M.R. 19 October 1976) and cases cited therein; *United States v. Tinley*, No. 22106, 2 M.J. 694 (A.F.C.M.R. 4 November 1976).

Fourth, the formulation of the intent to sell and the creation of the agreement to sell (as to terms and amounts) on base is service connected even though the actual completion of the sale takes place off base. *United States v. McCarthy, supra.*

In sum, under the circumstances of this case, we find all four offenses service connected under the terms of *O'Callahan* and *Relford*, both *supra*, and the exercise of military jurisdiction appropriate. *Gosa v. Mayden, supra.*

■ In their second assertion appellate defense counsel contend that the specifications alleging sale and possession of marijuana on 27 September 1975 and sale, transfer and possession of marijuana on 30 September 1975 are multiplicious for sentencing. We need not decide whether the theory of multiplicity fashioned by Chief Judge Fletcher in his concurring opinion in *United States v. Smith*, 24 U.S.C.M.A. 79, 80, 51 C.M.R. 252, 253, 1 M.J. 260 (1976) should be applied here. See *United States v. Henderson*, No. 21963 (f rev), 2 M.J. 321 (A.F.C.M.R. November 1976); see also *United States v. Culberson*, 1 M.J. 1181 (A.F.C.M.R. 20 May 1976) pet. denied (8 September 1976); *United States v. Irving*, No. 21851 (f. rev.), 1 M.J. 1188 (A.F.C.M.R. 17 June 1976), pet. granted (4 October 1976). Here the accused was tried by a special court-martial, a court of limited sentencing jurisdiction, and it is immaterial whether the court considered these offenses to be multiplicious since conviction of any of them would permit imposition of the maximum allowable sentence by the court. *United States v. Corigliano*, No. S24264 (f. rev.), 2 M.J. 282 (A.F.C.M.R. 2 September 1976). Further, in light of the relatively light sentence imposed, we find no possibility of prejudice to the accused.

The findings of guilty and the sentence are

AFFIRMED.

LeTARTE, Chief Judge, and FORAY, Judge, concur.