UNITED STATES

v.

Private First Class Thomas S. ROCK-WELL, 587–72–1444, U. S. Army, 515th Military Police Company Headquarters Command, U. S. Army Quartermaster Center and Fort Lee, Fort Lee, Virginia 23801.

CM 433853.

U. S. Army Court of Military Review.

Sentence Adjudged 18 June 1975.

Decided 13 Dec. 1976.

Appellate Counsel for the Accused: CPT Ronald Lewis Gallant, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Gay M. Holmes, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

OPINION ON FURTHER REVIEW

JONES, Senior Judge:

By order dated January 23, 1976, the United States Court of Military Appeals vacated the 14 November 1975 decision of this Court in this case and remanded the record of trial for further proceedings after that Court disposed of the issue granted in *United States v. McCarthy*, Docket No. 30,-560, 2 M.J. 26. That issue having been disposed of on September 24, 1976, this Court may proceed with further review.

The appellant was charged with conspiracy to introduce marihuana onto a military reservation, soliciting the purchase and possession of marihuana, possessing marihuana

with intent to distribute, and distributing marihuana to a person under 21 years of age in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934. The latter three offenses are charged under Article 134(3) as violations of Title 21, United States Code.

The conspiracy and solicitation offenses are alleged as occurring on-post whereas the possession with intent to distribute and the distribution to a person under 21 are alleged as occurring off-post. The appellant in raising the question of jurisdiction of the court-martial over the offenses argues that all offenses occurred off-post. We disagree.

 From the extensive guilty plea inquiry we find sufficient facts demonstrating the special military significance necessary for court-martial jurisdiction within the meaning of *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976). The appellant and another serviceman conspired at Fort Lee to purchase a large amount of marihuana, to bring it on-post, and then to distribute it to several other soldiers (the distribution was to be made off-post); the appellant and his co-conspirator solicited money from yet another soldier at his off-post residence to buy marihuana for him; the appellant and his co-conspirator purchased the marihuana, brought it on-post, and then went off-post and distributed it to the soldiers. This scheme, which was initiated on-post and which was carried out both on and off-post, involved dealings among servicemen from the same military installation. It is the fitness and readiness of the soldiers to perform their mission that is the prime concern here and as such the military interest in trying these cases is paramount. *United States v. McCarthy, supra.* Further, when the essential acts comprising an offense are committed on a military installation, military jurisdiction exists. Jurisdiction also exists when some essential acts are committed in the civilian community but others occur on the military installation. *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974).

█ The findings of guilty are affirmed. Because of the erroneous advice of the staff judge advocate to the convening authority as to the maximum punishment (35 years v. 15 years), the Court approves only so much of the sentence as provides for bad-conduct discharge, confinement at hard labor for twelve months, forfeiture of all pay and allowances and reduction to the grade of Private E–1.

Judge FELDER concurs.

FULTON, Judge, concurring:

I concur in the result for an additional reason not discussed by the majority.

Remanding this case eight days after having heard oral arguments in the case of *United States v. Courtney*, 24 U.S.C.M.A. 275, 51 C.M.R. 796, 1 M.J. 438 (1976), the Court of Military Appeals only directed that we "hold further proceedings in abeyance pending . . . disposition of the issue granted in *United States v. McCarthy.*" There nevertheless is a *Courtney* issue here, too.

The appellant was charged with conspiracy to wrongfully introduce marihuana into a military post in violation of Article 81, UCMJ, 10 U.S.C. § 881, and, multipliciously, with soliciting a named person to buy and possess marihuana (one of the overt acts alleged in furtherance of the conspiracy) in violation of Article 134, UCMJ, 10 U.S.C. § 934, and title 21, U.S.C. § 844(a) (Specification 1 of Charge II). He also was charged under the third clause of Article 134, *supra*, with possessing marihuana with intent to distribute it, in violation of title 21, U.S.C. § 841(a)(1) (Specification 2 of Charge II), and, at the same time and place, distributing marihuana to a person under age 21 in violation of title 21, U.S.C. §§ 841(a)(1) and 845(a) (Specification 3 of Charge II). The military judge advised the appellant (correctly on the state of the law at that time) that the maximum confinement for those offenses was 15 years rather than 25 years as previously believed by the parties. The appellant persisted in a plea of guilty.

If the *Courtney* doctrine is applied to the multiplicious charges of conspiracy and solicitation, the maximum confinement for those offenses is two years rather than the five years apparently computed by the trial judge.

Specifications 2 and 3 of Charge II (possession with intent to distribute and distribution to a person under 21 years of age) also were considered multiplicious and the trial judge appears to have regarded the maximum confinement therefor to be 10 years because that punishment is authorized by § 855(a) of title 21, U.S.C., for distributing controlled substances to persons under 21 years of age. I believe that view to be correct even after *Courtney*. The offense in question is not "virtually identical with" offenses punished under Article 92, UCMJ, 10 U.S.C. § 892. The difference in penalty consequences is generated by the accused's illegal act in distributing marihuana to a person under age 21. *See generally, United States v. Courtney*, 24 U.S.C. M.A at 282, 51 C.M.R. at 798 and n. 8, 1 M.J. at 440.

Accordingly, the maximum confinement faced by appellant, if not 15 years, was at least 12 years. This, however, did not lead to a "substantial misunderstanding" by appellant such as would affect the providency of his plea of guilty. *See United States v. Harden*, 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976).

I join in affirming the findings of guilty and, for the reason stated by the majority, reassessing the sentence.