**UNITED STATES, Appellee,**

v.

**Private First Class David T. YESKER, SSN 216–52–1406, United States Army, Appellant.**

**CM 435691.**

U. S. Army Court of Military Review.

8 July 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Major Benjamin A. Sims, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain Gary F. Thorne, JAGC, and Captain Dana C. McCue, JAGC, were on the pleadings for appellee.

Before JONES, Senior Judge, and FULTON and FELDER, JJ.

## OPINION OF THE COURT

### PER CURIAM:

Consonant with his pleas of guilty, the appellant was convicted by general court-martial for possession and sale of heroin in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The court members sentenced him to a bad-conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E-1.[1] The convening authority approved the sentence.

The offenses for which the appellant now stands convicted arose from an on-post agreement to sell heroin to Private Spencer, a member of his unit. The actual sale occurred during the appellant's lunch hour at his off-post apartment. In making the sale, the appellant removed from his pocket a pill bottle which contained four packets of heroin. Three of these packets and the pill bottle itself were given to Private Spencer while the fourth packet of heroin was retained by the appellant and placed in his wallet. Shortly thereafter, the appellant was apprehended by members of the Fort Campbell Drug Suppression Team as he was leaving his apartment. A frisk search conducted at that time did not detect the heroin in his wallet. However, after he was transferred to the Drug Suppression Office at Fort Campbell, he was again searched, and this time the heroin was discovered.

The appellant, citing *United States v. Castro,* 18 U.S.C.M.A. 598, 40 C.M.R. 310 (1969), now contends that the court-martial lacked jurisdiction to try him for possession of heroin because the heroin was not found in his possession until after he had been involuntarily returned to the post. For reasons that follow, we disagree.

In *United States v. Castro, supra,* the accused was arrested by the Seattle police following a traffic accident. Because they believed him to be under the influence of drugs, they turned him over to the military authorities who subsequently took him to the post hospital. Upon his admittance, his clothing and personal effects were routinely inventoried. Through this procedure, a quantity of amphetamines and a Derringer pistol were discovered in the pants pocket. The Court of Military Appeals overturned Castro's conviction for carrying a concealed weapon on the grounds that the court-martial lacked jurisdiction over the offense because the Derringer was only found after he had been involuntarily returned to the post. However, the Court affirmed his conviction for possession of amphetamines because such conduct, "whether on or off base, relates to a matter that is clearly 'service connected'." *Id* at 600, 40 CMR at 312.

Although the possession and sale of drugs by servicemen is no longer service connected per se,[2] in this case the military interest in the appellant's off-post drug activities

---

1. All parties were aware that the maximum confinement was but two years in view of the decisions, in *United States v. Smith,* 1 M.J. 260 (1976), and *United States v. Courtney,* 1 M.J. 438 (1976).

2. *United States v. McCarthy,* 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976).

was pervasive. The intent to sell heroin to Private Spencer was formulated on-post. Private Spencer lived on-post and, therefore, the appellant reasonably could have expected that the heroin would end up there. This would have posed a threat to military personnel and the military community in general. Finally, the appellant's absence from post was during duty hours and was for the purpose of consummating an illegal transaction. Under these circumstances, the sale offense was triable by court-martial. *United States v. McCarthy,* 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976); *United States v. Rockwell,* 54 C.M.R. 637, 2 M.J. 1064 (A.C.M.R.1976); *United States v. Burston,* 54 C.M.R. 315, 2 M.J. 1015 (A.C.M.R.1976). As the appellant's off-post possession of heroin was juxtaposed with the sale, that offense was also service connected. *United States v. Rockwell, supra.* Accordingly, the fact that the heroin was not discovered in the appellant's possession until after the had been involuntarily returned to post does not divest the court-martial of jurisdiction. *United States v. Castro, supra.*

The findings of guilty and the sentence are affirmed.