UNITED STATES, Appellee,

v.

Elvin SMITH, Sergeant, U.S. Army, Appellant.

No. 30,773.

U. S. Court of Military Appeals.

Jan. 16, 1976.

*Colonel Alton H. Harvey* and *Captain Ronald Lewis Gallant* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain Gregory M. Van Doren,* and *Captain Richard S. Kleager* were on the pleadings for Appellee, United States.

## OPINION

COOK, Judge.

Accused was convicted of two specifications alleging violations of U.S. Army Europe Regulation 632-10. One specification charged a wrongful attempt to sell Mandrax, a drug proscribed by the regulation, and the other charged wrongful possession of the same drug. We granted review to consider whether the offenses were separately punishable.[1]

 On allegation alone, wrongful sale and wrongful possession of a controlled substance may be sufficiently unrelated as to justify separate punishment. *United States v. Maginley*, 13 U.S.C.M.A. 445, 32 C.M.R.

445 (1963). Generally, however, the duplication of two or more offenses for the purpose of punishment is not determined only by reference to the specifications of the offenses; the "facts in each case . . . [are] controlling." *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 498, 34 C.M.R. 276, 278 (1964); *United States v. Murphy*, 18 U.S.C.M.A. 571, 40 C.M.R. 283 (1969). During the sentence proceedings in this case, the trial judge, on the ground that the "quantity possessed" by the accused exceeded the amount he had "attempted to sell," rejected a defense contention that the offenses were "multiplicious." However, a stipulation of fact and the responses by the accused during the judge's inquiry into the providence of his plea indicate that the attempted sale occurred shortly before and at the same place where the accused was apprehended, while in possession of the drug. True, the accused left the area for a brief period, but the chain of events was not significantly altered. In similar circumstances, this Court held that possession and distribution of a controlled substance were not separately punishable,[2] and a panel of the Army Court of Military Review has concluded that the attempted sale and wrongful possession of heroin can be "multiplicious for sentencing."[3]

Appellate Government counsel contend that the Court of Military Review's affirmance of the sentence implies a finding of such significant differences in the circumstances surrounding the two offenses as to justify the conclusion that the offenses are separately punishable. The facts, however, are undisputed; and considering them in the light most favorable to the Government, they, nonetheless, are so integrated as to emerge as a single event subject only to a single punishment. *United States v.*

---

1. There is no question of the providence of the accused's plea of guilty. Inquiry by the trial judge about the effect of a possible determination that the offenses "were multiplicious" led the accused to declare that "the difference in the term [of confinement, whether 4 years or 2 years] wouldn't change my plea." *See United States v. Harden*, 1 M.J. 258 (1976).

2. *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974); *see also United States v. Turner*, 18 U.S.C.M.A. 55, 60, 39 C.M.R. 55, 60 (1968).

3. *United States v. Harden*, 50 C.M.R. 354, 355, (A.C.M.R. 1975), *rev'd on other grounds*, 1 M.J. 258 (1976).

*Towns, supra; United States v. Brown*, 8 U.S.C.M.A. 18, 23 C.M.R. 242 (1957).

The decision of the Court of Military Review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General for resubmission to the court for reassessment of the sentence in the light of this opinion.

Senior Judge FERGUSON concurs in the result.

FLETCHER, Chief Judge (concurring in the result):

A rule requiring trial judges and appellate courts to enter the factual morass of every drug case to resolve whether multiple charges "are so integrated as to emerge as a single event subject only to a single punishment" is in my view judicially unsound for it provides little, if any, guidance as to what is and is not multiplicious. *See United States v. Armstrong*, 46 C.M.R. 857, 860 n. 1 (A.C.M.R.1972) (dissenting opinion). The facts of this case provide such an example for never before has the Court squarely held that a serviceman who possesses more of a drug than he attempts to sell is subject only to a single punishment. The facts here clearly cannot be equated to those in *United States v. Towns*, 22 U.S.C. M.A. 600, 48 C.M.R. 224 (1974), where the accused distributed the *same* amount of the drug he possessed.

For the benefit of those who must implement our decisions on a daily basis, I would state the rule differently. Absent an expression of congressional intent to the contrary, it is inappropriate to subject an individual to multiple punishment for multiple drug offenses where the drug allegedly distributed, transferred, used, or sold is part or all of the quantum of the drug allegedly possessed. To hold otherwise would subject the individual who transfers only a portion of the drug in his possession to a penalty twice as severe as that applicable to a drug dealer who succeeds in distributing his entire cache. *See United States v. Towns, supra.*

Since the Court in *United States v. Maginley*, 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963), concluded that possession of a drug is not a lesser included offense of a charge alleging a sale of the same drug, it follows that the Double Jeopardy Clause of the Constitution would not bar cumulative trial and punishment for possession and attempted sale charges should the Congress determine that such is appropriate. *See Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). *Cf. Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). However, absent such an indication, the "presupposition of our law [is] to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment." *Bell v. United States*, 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955).