UNITED STATES

v.

Airman Basic Howard R. FEATHERS, FR 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 3762d Student Squadron Sheppard Technical Training Center (ATC).

ACM S24356.

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 Jan. 1976.

Decided 11 March 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before ROBERTS, Senior Judge, and ORSER and SANDERS, Appellate Military Judges.

DECISION

SANDERS, Judge:

Tried by a special court-martial military judge, the accused was found guilty, pursuant to his pleas, of two offenses of wrongful transfer of marihuana and two offenses of wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad conduct discharge, confinement at hard labor for four months, and forfeiture of $150.00 per month for four months.

Although, in our opinion, the jurisdictional limits of the court-martial that tried the accused, together with the particular circumstances of this case, discount any reasonable likelihood of prejudice regarding the sentence adjudged and approved, one matter warrants comment. The trial defense counsel requested that the military judge consider the two wrongful possession offenses as multiplicious for sentencing purposes. This the military judge declined to do, erroneously so.

One specification alleged the accused wrongfully possessed "some quantity" of marihuana at Sheppard Air Force Base, Texas, on or about 16 December 1975. The other specification alleged the accused wrongfully possessed "49 grams, more or less, of marijuana and 17 marijuana cigarettes" at Sheppard Air Force Base, Texas, on or about 18 December 1975. During the providency of pleas inquiry and also in a stipulation of fact, it became apparent that the accused had a quantity of marihuana on 16 December 1975 and that he made two separate transfers of some of the marihuana. The remaining amount of marihuana was what he was charged with wrongfully possessing on 16 December 1975. When asked about the 18 December 1975 charge by the military judge, the accused responded "Well, that is just what I have left over from the 16th," and that he still possessed it on the eighteenth. The stipulation of fact also set out that the marihuana possessed by the accused on the eighteenth of December was the "residue of the marijuana possessed by AB Feathers on 16 December 1975."

█ Although there are two different times alleged for the wrongful possession offenses, multiplicity of two or more offenses for punishment purposes is not determined only by reference to the specifications; the facts in each case are controlling. *United States v. Smith*, 1 M.J. 260, decided 16 January 1976. Where the same *controlled* drug was involved in a transaction wherein the accused distributed the drugs to others, the Court of Military Appeals has held specifications alleging both the possession and distribution of the same drug multiplicious for the purpose of sentencing. *United States v. Smith*, supra; *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974).

█ From this record, we are left with the inference that the subject of the wrongful possession charged in the two specifications was the identical marihuana. There is nothing to suggest any action or transaction on the part of the accused concerning the marihuana other than that he remained in possession of it during the period from 16 to 18 December 1975. Thus, the wrongful possession of the marihuana, although alleged at two different times was, in our view, subject to a single punishment. We find this reasoning to be analogous to that reached by the Army Board of Review in *United States v. Jones*, 29 C.M.R. 648 (A.B.R. 1960), pet. denied, 30 C.M.R. 417. In that case, the accused wrongfully appropriated an automobile and subsequently parked it for a short time. During this time, the owner was informed of the whereabouts of the vehicle and he recovered it and used it temporarily, subsequently returning to where the accused had parked it. This was done without the accused's knowledge. The accused then returned to the car and took it on a journey which he had planned when he originally took the car. In holding that this established one offense rather than two separate takings as charged, the Board stated:

> If it could be cut in two to sustain two specifications here, because of the hiatus in his use, then with equivalent logic, it could be said to be a new crime for each day, or each hour, or even each minute of unlawful use, and the charges multiplied infinitely. (29 C.M.R. at 651.)

The significance of multiplicity of charges is in consideration of the maximum punishment authorized. *United States v. Posnick*, 8 U.S.C.M.A. 201, 24 C.M.R. 11 (1957). Although we find little likelihood of any prejudices from the multiplication of charges under the circumstances of this case, to preclude any possibility of prejudice as to the sentence, we have independently reas-

sessed it. *United States v. Smith*, supra; *United States v. Austin*, 20 C.M.R. 939 (A.F. B.R. 1955), pet. denied, 21 C.M.R. 340. Having done so, we find the sentence nonetheless entirely appropriate.

The findings of guilty and the sentence are

AFFIRMED.

ROBERTS, Senior Judge, and ORSER, Judge, concur.