UNITED STATES, Appellee,

v.

Micah E. IRVING, Sergeant, U. S. Air
Force, Appellant.

No. 32,880.
ACM 21851.

U. S. Court of Military Appeals.

March 23, 1977.

*Major Bruce R. Houston* argued the cause
for Appellant, Accused. With him on the
brief was *Colonel Robert W. Norris.*

*Captain Gilbert J. Regan* argued the
cause for Appellee, United States. With
him on the brief were *Colonel Julius C.
Ullerich, Jr.* and *Major Alvin E. Schlechter.*

Opinion of the Court

COOK, Judge:

A general court-martial convicted the ac-
cused of a number of offenses involving
heroin. We granted review to consider
whether solicitation of another to sell the
drug, the transfer of the substance to the
person solicited, and possession of it, all
alleged to have occurred on the same day,
were separately punishable.

Offenses that appear to be facially
separate from the allegations in the re-
spective specifications may, factually, be
so related as to permit punishment only
as for a single offense. *United States
v. Smith,* 1 M.J. 260 (1976); *United States
v. Meyer,* 21 U.S.C.M.A. 310, 45 C.M.R.
84 (1972). Appropriately, therefore, both
the Government and the accused have
referred to the circumstances surrounding
the offenses to support their opposing argu-
ments in regard to the issue. We turn first
to whether the solicitation charge (Addi-
tional Charge, specification 1) is separate

for the purpose of punishment from the transfer to the person solicited (Charge, specification 1) and the retention by the accused of possession of the remainder of the quantity of heroin from which the amount transferred was extracted (Additional Charge, specification 3).

■ The parties disagree as to the situs of the solicitation. According to the Government, the accused presented his proposal to a Sergeant Raither at the pool room of their barracks at about 5:30 p. m., on August 14, 1974. Appellate defense counsel maintain that the actual solicitation was made in the accused's room, which, they imply, was also the site of the later transfer. We have scrutinized the record and are satisfied that the solicitation took place in the accused's room, which was on the first floor of the barracks, and the later transfer was accomplished in the room of a Sergeant McDonald, which was probably on the third floor of the building. The solicitation was made about 3½ to 4½ hours before the transfer. Considering the general relationship between a charge of conspiracy to commit a substantive offense, in which the specification alleges the offense itself as the overt act to further the illegal agreement, and a charge of commission of the substantive act, the situation is analogous to that of solicitation to commit a substantive offense and the substantive offense itself. In the former instance, the two offenses are separately punishable. *United States v. Washington*, 1 M.J. 473 (1976). The considerations that impel the conclusion as to the separability of conspiracy and the substantive offense are equally applicable to the invitation to an agreement inherent in solicitation and the offense solicited. *See United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975); *United States v. Smith*, 17 U.S. C.M.A. 55, 61, 37 C.M.R. 319, 325 (1967). Moreover, the acts requisite to the solicitation offense were committed at a time and place so distinct from the acts incident to the transfer and possession offenses as legally to allow separate punishment. *Unit-*ed *States v. Smith*, 1 M.J. 260 (1976); *United States v. Ompad*, 15 U.S.C.M.A. 593, 36 C.M.R. 91 (1966).

■ Turning to the transfer and possession charges, it appears that on the night of August 14, Raither went to the accused's room. After several minutes of conversation, they were joined by McDonald. The accused then took a vial from a locker, and the trio went to McDonald's room. While there, the accused poured out the contents of the vial onto a newspaper, and the three prepared packets from pieces of the newspaper, with a small amount of powder from the vial in each packet.[1] The accused gave 20 packets to Raither and 20 to McDonald; he retained the balance. Raither was to sell the packets and give the proceeds to the accused, who, in turn, would give him 15 percent of the profits. According to the theory expounded by trial counsel, this transfer to Raither was the subject of the Charge, specification 1, and the accused's retention of the remaining packets of heroin was the subject of Additional Charge, specification 3.

Manifestly, the transfer and possession of the heroin by the accused took place at the same time and in the same room. As the transfer was for the purpose of constituting Raither an agent of the accused for the sale of that part of the heroin transferred, arguably the accused still maintained such direction and control over the drug as to be legally in possession of it. *See United States v. Davis*, 461 F.2d 1026, 1035 (3d Cir. 1972). Aside from the effect of such continuity of possession, the connected chain of events between these two offenses requires that they be treated as single for the purpose of punishment. *United States v. Axley*, 1 M.J. 265 (1976); *United States v. Smith*, 1 M.J. 260 (1976).

Subsequent to accused's conviction, the confinement portion of his sentence was substantially reduced for reasons not related to the issue presented on this appeal. Measured by the provisions of Article 57(b), Uniform Code of Military Justice, 10 U.S.C.

---

1. The powder was later determined to be heroin.

§ 857(b), it appears that the entire period of confinement has expired. In these circumstances, we discern no useful purpose to be served by returning the record to the Court of Military Review for reassessment of the sentence on the basis of the multipliciousness of the transfer and possession charges. For that reason, we reverse the decision of the Court of Military Review as to the findings of guilty of the Charge, specification 1, and order that charge dismissed; in all other respects the decision of the Court of Military Review is affirmed. *See United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968).

Chief Judge FLETCHER and Judge PERRY concur.