**UNITED STATES, Appellee,**

v.

**James C. BASHAW, Private First Class, United States Army, Appellant.**

No. 35,419
CM 436366.

U. S. Court of Military Appeals.

Feb. 5, 1979.

Appearances: For Appellant—*Captain R. Wade Curtis* (argued); *Colonel Robert B. Clarke* (on brief); *Colonel Edward S. Adamkewicz, Jr.; Major Benjamin A. Sims* (on brief); *Captain Willard E. Nyman III* (on brief); *Captain Buren R. Shields III.*

For Appellee—*Major David McNeill, Jr.* (argued); *Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel R. R. Boller* (on brief); *Captain Laurence M. Huffman* (on brief); *Captain David P. Saxon* (on brief).

Opinion of the Court

COOK, Judge:

In a single assignment of error, the accused challenges the correctness of the trial judge's determination that a specification alleging transfer of cocaine (Specification 1 of the Charge), was punishable separately from two other specifications of the Charge, alleging respectively, possession of cocaine (Specification 2) and possession of marihuana (Specification 3). Arguably, the circumstances of the transfer were sufficiently distinct in time and place from the possessory offenses to be separately punishable from them,[1] but assuming, as the accused

---

1. In *United States v. Irving*, 3 M.J. 6 (C.M.A. 1977), the accused had a quantity of heroin. In the presence of two persons, one of whom was an undercover agent, the accused divided the heroin into three parts; he gave one part of each of the two persons, and retained the third. The transfer to the agent was charged as an offense separate from that of possession. This Court held that "the connected chain of events" between the two offenses required "that they be treated as single for the purpose of punishment." *Id.* at 7.

Here, the accused had a quantity of cocaine; apparently, when alone and in his own room, he divided and packaged the cocaine in at least 29 packets. Later, pursuant to a telephone call from a purchaser, who was an undercover agent, he took 12 packets to a parking lot about 100 yards from his barracks to meet with the would-be purchaser; he left the remaining packets in his room. Immediately after the transfer, the accused was apprehended. Subsequently, in the course of an inventory of accused's personal effects in his room, the remaining packets were discovered. The transfer

contends, that all three transactions are within the scope of the rule promulgated in the separate opinion in *United States v. Smith*, 1 M.J. 260, 262 (C.M.A.1976), we are satisfied that the convening authority's reassessment of the sentence eliminated any prejudice to the accused that could possibly have resulted from the trial judge's ruling.

■ By reassessment of a sentence adjudged at trial, a reviewing authority can purge the prejudicial effect of an error that may have led the trial court to impose a sentence more severe than that which might have been imposed had the error not been made. *See United States v. Peters*, 8 U.S.C.M.A. 520, 25 C.M.R. 24 (1957); *cf. United States v. Scott*, 16 U.S.C.M.A. 478, 37 C.M.R. 98 (1967). Here, the trial judge determined, with the concurrence of counsel, that Specifications 2 and 3 were not separately punishable,[2] but he rejected the defense argument that the transfer of cocaine was a part of the possession alleged in Specification 2. The separate punishability of Specification 4, transfer of hashish, was undisputed and is not in issue. As calculated by the judge, the offenses he deemed separately punishable, all of which were charged as violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, authorized confinement at hard labor for 25 years. The court members were so

instructed, and they adjudged a sentence that included a dishonorable discharge and confinement at hard labor for 5 years. On review of the record, the staff judge advocate advised the convening authority that the maximum confinement for the offenses was not 25 years, but only 6 years. His calculation was based upon the mistaken belief that, under *United States v. Courtney*, 1 M.J. 438 (C.M.A.1976), the punishment for each separate transaction was not that listed in the Table of Maximum Punishments[3] for a violation of Article 134, but was the 2-year confinement provision for the violation of a lawful regulation charged as a violation of Article 92 of the Uniform Code, 10 U.S.C. § 892.[4] After ascertaining, by inquiry, that the accused would have adhered to his pretrial plea-of-guilty agreement with the convening authority, and that he would have entered his plea of guilty to all the offenses, even had he known during negotiation of the agreement and the entry of his plea of guilty that the maximum period of confinement was only 6 years,[5] the staff judge advocate concluded that the trial judge's "erroneous" instruction on the limit of confinement could be cured by reassessment of the sentence. He recommended, and the conveying authority agreed, that the perceived error be purged of its influence in the determination of the sentence at trial by reduction of confine-

and possession were charged as separate offenses. In his separate, opinion in *United States v. Smith*, 1 M.J. 260, 262 (C.M.A.1976), Chief Judge Fletcher observed that it was "inappropriate to subject an individual to multiple punishment for multiple drug offenses where the drug allegedly distributed, transferred, used, or sold is part of all of the quantum of the drug allegedly possessed."

2. During the inventory process mentioned in footnote 1, cocaine and a quantity of marihuana were found in a plastic bag in the accused's locker. Each substance was made the subject of a specification alleging wrongful possession. In *United States v. Hughes*, 1 M.J. 346 (C.M.A. 1976), this Court held that concurrent possession, at the same place, of different kinds of prohibited drugs constitutes a single offense.

3. Paragraph 127c, Section A, Manual for Courts-Martial, United States, 1969 (Revised edition).

4. In *United States v. Courtney*, 1 M.J. 438 (C.M.A.1976), the Court held, where an Army Regulation, AR 600–50, prohibited the possession of certain substances and such possession was also proscribed under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, it was a denial of equal protection to punish an accused for an Article 134 offense instead of for a violation of a general regulation under Article 92, UCMJ, 10 U.S.C. § 892, for which the punishment was less. When the accused's case was before the Court of Military Review, the Government contended that the staff judge advocate had misapprehended the applicability of *Courtney* as the Army had changed the regulation to provide that involvement with "marijuana or any narcotic drug" was "chargeable only as a violation of Article 134." *See United States v. Hoesing*, 5 M.J. 355, 356 (C.M.A. 1978).

5. *See United States v. Smith, supra*, n. 1.

ment to 12 months, which was less than the period provided for in the pretrial agreement.

■ Assuming the transfer of cocaine is, as contended by the accused, inseparable from the possession specification, the maximum confinement would have been 15 years. Consequently, the trial judge's instruction as to confinement would have been overstated by 10 years. Generally, an instructional error of that magnitude would not be curable by reassessment of the sentence for a different reason. However, the staff judge advocate's mistake made the alleged instructional error as to the confinement part of the allowable sentence appear far worse than even the accused claimed it to be. Thus, the single "erroneous" fact that could have had an impact upon the court members in their deliberations on the sentence was considered by the convening authority on a basis that was much more favorable to the accused than the law required. We are satisfied that the convening authority's reassessment removed any possibility of prejudice to the accused resulting from the trial judge's ruling as to the separability of punishment of Specification 1. *United States v. Abbott*, 17 U.S.C.M.A. 141, 144, 37 C.M.R. 405, 408 (1967).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.