**UNITED STATES**

v.

**Airman First Class Richard A.
WESSELS, FR 496–70–9437
United States Air Force.**

**ACM S24801.**

U. S. Air Force Court of Military Review.

Sentence adjudged 4 June 1979.

Decided 1 Feb. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

DECISION

HERMAN, Senior Judge:

Brought before us once again is the issue of multiplicity, for sentence purposes, of a sale of marihuana and the possession of the remainder of a larger amount. In this case, we find the offenses separable for purposes of punishment.

The accused was convicted, consonant with his pleas, by a special court-martial consisting of members, of a sale of marihuana and possession of 13 additional ounces of the same substance, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

During his inquiry into the providence of the accused's pleas, the military judge elicited from the accused that the latter had purchased a pound of marihuana and brought it to his room at Reese Air Force Base, Texas, so that he could prepare it for sale. At the Talon Inn on base, he met a friend who had evidenced an interest in buying some of it, and both returned to his room where the friend purchased a little more than two ounces of the pound. Soon after the friend left, law enforcement agents arrived to search the room, where they found the remaining 13 ounces, the subject of the possession offense.

In *United States v. Smith*, 1 M.J. 260 (C.M.A.1976), the United States Court of Military Appeals held that charges of an *attempted* sale of a proscribed drug and possession of the same substance although the attempted sale was of a smaller amount than the total, were so integrated as to emerge as a single event subject only to a single punishment. Less than a year after this decision, Senior (now Chief) Judge Early of this Court wrote in *United States v. Henderson*, 2 M.J. 321 (A.F.C.M.R.1976):

> In *Smith* the accused was convicted of a wrongful *attempt* to sell Mandrax and with wrongful possession of the same drug. . . . Here a completed transfer and sale took place, and the amount possessed was the residuum remaining in the accused's possession, an amount that he might use, transfer or sell at some future time. This distinction is, to us, significant, and we hold that under these factual situations, the offenses are separately punishable.

The Court of Military Appeals reversed the decision in *Henderson* as to two specifications, for jurisdictional reasons, but affirmed the findings of a sale and a possession of phentermine.[1]

Appellate defense counsel also call our attention to *United States v. Irving*, 3 M.J. 6 (C.M.A.1977), wherein it was held that a transfer of heroin and possession of an additional amount of the same substance must be treated as a single offense. We find the present case to be clearly distinguishable from that holding, where Judge Cook explained:

> As the transfer was for the purpose of constituting Raither an agent of the accused for the sale of that part of the heroin transferred, arguably the accused still maintained such direction and control over the drug as to be legally in possession of it. *See United States v. Davis*, 461 F.2d 1026, 1035 (3d Cir. 1972). Aside from the effect of such continuity of possession, the connected chain of events between these two offenses requires that

they be treated as single for the purposes of punishment.

■ In *Irving*, the accused was to receive 15% of the profits from the sales made by his transferees. They were, in a sense, his agents, or at the very least "independent contractors" with an intimate connection which permeated the relationship. The case before us has no such complicating, ongoing relationship. The accused bought a large amount of marihuana to be sold in smaller quantities at a profit. He made a final sale of approximately one eighth of it, to a friend; the remainder was retained for future sales or other disposition. Different legal and societal norms are violated by the sale and the possession; separate punishments are proper. We find no error.

■ In another assertion of error, appellate defense counsel claim that the period of suspension of the punitive discharge is unreasonably long. The Manual for Courts-Martial, 1969 (Rev.), paragraph 88e, provides that a period of suspension of all or part of a sentence "should not be unreasonably long and no suspension may extend beyond the current enlistment or period of service." The period of suspension in this case ends on the day the accused's enlistment terminates, approximately 16 months from the date of the action creating it. We find no authority which limits the duration of suspension further than the *Manual, supra*. See *United States v. McDonald*, 22 C.M.R. 660 (NBR 1956). Therefore, the period of suspension was not excessive as a matter of law. *United States v. Harbaugh*, 38 C.M.R. 571 (ABR 1967). Nor do we find the period of suspension unreasonably long under the circumstances of this case, and thus resolve this averment adversely to the accused.

For the foregoing reasons, the findings of guilty and the sentence are

AFFIRMED.

ARROWOOD, Judge, concurs.

---

1. *United States v. Henderson*, 4 M.J. 92 (C.M.A. 1977). For subsequent history of this case, see *United States v. Henderson*, 4 M.J. 750 (A.F.C. M.R.1978), pet. denied, 5 M.J. 20 (C.M.A.1978).

MILES, Judge (concurring):

In my view this decision is controlled by *United States v. Irving*, 3 M.J. 6 (C.M.A. 1977); *United States v. Axley*, 1 M.J. 265 (C.M.A.1976); *United States v. Smith*, 1 M.J. 260 (C.M.A.1976) holding the offenses are not separately punishable. Since I would reassess and find the sentence still appropriate, I concur in the result.