# UNITED STATES

v.

**Senior Airman John H. SHEALY, Jr., FR 281–62–6054 United States Air Force.**

## ACM S24891.

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Jan. 1980.

Decided 17 July 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

MILES, Judge:

Consistent with his pleas, accused was convicted of transfer of marijuana and transfer and use of heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge,

confinement at hard labor for six months, forfeiture of $299.00 per month for six months and reduction to airman basic.

Appellate defense counsel assert that the military judge erred by failing to consider the use and transfer of heroin as multiplicious for punishment purposes. We agree.

The offenses of use and transfer of heroin appear to have occurred at identically the same time and place and as part of the same transaction. In arguing that the offenses were multiplicious, the trial defense counsel stated "Airman Shealy snorted the heroin and passed some to Sergeant Young. It all occurred within a matter of seconds, not even minutes. . . ." No money was exchanged, and the transfer was apparently a casual gesture.[1] The prosecution did not dispute this factual view, but argued that use and transfer were two distinct offenses under any circumstances.

The question of whether drug offenses involving separate alleged specifications of use, possession, transfer, sale, introduction and distribution are separate offenses has produced a wealth of opinion.[2] Judge Cook of the United States Court of Military Appeals has noted the varying general tests for multiplicity which refer to unity of time and the existence of a connected chain of events, a single impulse or the absence of separate societal norms. *United States v. Harrison*, 4 M.J. 332, 333 (C.M.A.1978).

■ There are several important points on multiplicity, especially in drug cases, which unfortunately have been sometimes overlooked in applying these decisions. Each case must be analyzed within its own factual context, and the facts in each case are controlling. *United States v. Smith*, 1 M.J. 260, 261 (C.M.A.1976); *United States v. Kinion*, 5 M.J. 930 (N.C.M.R.1978); *United States v. Feathers*, 1 M.J. 827 (A.F.C.M. R.1976). No one test can be applied to the exclusion of others. *United States v. Harrison, supra*, at 334. In case of doubt, judicial preference is to resolve doubts in the enforcement of a penal code against the imposition of harsher punishment. *United States v. Hughes*, 1 M.J. 346, 348 (C.M.A. 1976). Moreover, resolution in favor of an accused will also avoid entering "the factual morass of every drug case to resolve whether multiple charges are so integrated as to emerge as a single event subject to a single punishment . . . ." *United States v. Smith, supra*, at 262 (Fletcher, C. J., concurring). Most importantly, "sound legal judgement coupled with a measure of common sense will eliminate the needless and costly judicial process of factually resolving matters of such questionable legal worth." *United States v. Hughes, supra*, at 349, fn. 3.

■ This Court has recognized that use of an illegal drug is often, depending on the facts, separately punishable from other offenses such as sale or transfer. *United States v. Couleas*, 8 M.J. 706 (A.F.C.M.R. 1980); *United States v. Hand*, 8 M.J. 701 (A.F.C.M.R.1980); *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R.1977), *pet. denied*, 3 M.J. 483 (C.M.A.1977). However, the particular facts in this case do not permit a decision that the offenses are separate for punishment purposes. Here, it appears accused, as a part of an integrated transaction at the same time and place, gratuitously shared a drug he was using

---

1. The record is unclear whether the substance transferred was to be used then or later. In fact, it was not used then as it was later analyzed and found to weigh .011 grams and contain heroin. No sale or exchange of funds was involved, and accused described the transfer, during the *Care* inquiry, "as a friendly gesture, to see how he liked it and it was just an experimental thing for myself also." The transfer is not any less serious as a criminal offense simply because it was multiplicious for punishment purposes with accused's use of the heroin.

2. See, for example, *United States v. Waller*, 3 M.J. 32 (C.M.A.1977); *United States v. Irving*, 3 M.J. 6 (C.M.A.1977); *United States v. Hughes*, 1 M.J. 346 (C.M.A.1976); *United States v. Axley*, 1 M.J. 265 (C.M.A.1976); *United States v. Smith*, 1 M.J. 260 (C.M.A.1976); *United States v. Wessels*, 8 M.J. 747 (A.F.C.M. R.1980); *United States v. Couleas*, 8 M.J. 706 (A.F.C.M.R.1980); *United States v. Lemons*, 2 M.J. 312 (A.F.C.M.R.1976), pet. denied, 3 M.J. 43 (C.M.A.1977).

with another Air Force member. While different societal norms are involved and his transfer of the drug made his crime more serious, the offenses were still multiplicious for punishment purposes.

■ Reassessing the sentence in light of this error, we find appropriate only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for six months, forfeiture of $250.00 per month for six months and reduction to airman basic.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

HERMAN, Senior Judge, and ARROWOOD, Judge, concur.