UNITED STATES, Appellee,

v.

Specialist Four David E. CLARKE, SSN 262–19–5817, United States Army, Appellant.

CM 440834.

U. S. Army Court of Military Review.

22 March 1982.

Lieutenant Colonel Jerome E. Kelly, JAGC, Captain Courtney B. Wheeler, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. De-Busk, JAGC, and Captain Peter M. Donawick, JAGC, were on the pleadings for appellee.

Before FULTON, McKAY and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

The issue presented by this appeal is whether a plea of guilty to the offense of violating a general regulation is to be held improvident because the trial judge did not explain in particular detail to the accused the provisions of the regulation violated. There is also a question as to the maximum punishment.

### I

The first issue comes about by virtue of the provisions of Fort Campbell Regulation 190–5 as follows:

2. DRUG PARAPHERNALIA. It shall be unlawful and a criminal offense for any person to possess, have under his control, or deliver any device, contrivance, instrument, paraphernalia, or any other item *with the intent* that such device, contrivance, instrument, paraphernalia, or other item be used, by any person, for unlawful administering, smoking, injecting, or otherwise using any controlled substance with [sic] the meaning of the Controlled Substances Act, 21 U.S.C. § 801, et seq. [Emphasis added.]

The device in question, which appellant admitted possessing under circumstances amounting to a violation of the regulation, is described in the record (in lieu of having been attached as Prosecution Exhibit 7) as "a smoking device, red in color with black top, bearing the words 'Big Hit.'" The item was seized in an authorized search of appellant's family quarters at Fort Campbell shortly after he had, in those quarters, sold some lysergic acid diethylamide (LSD) tablets and marihuana to a confidential informant and a member of the Fort Campbell Drug Suppression Team. Besides a large additional quantity of LSD, 39 grams of hashish and 8 grams of marihuana were seized from the coffee table in the living room. The smoking device was found on top of a dresser in the dining room.

In addition to offering to plead guilty to charges relating to the sales of LSD and marihuana, appellant offered to plead guilty to the charge of violating paragraph 2 of Fort Campbell Regulation 190–5 "by wrongfully possessing 1 marihuana smoking devices [sic; a quantity of 4 had been alleged initially] brand name 'Big Hit.'"

Before accepting appellant's plea of guilty to this offense, the trial judge advised appellant that the first element of the offense was that there was in existence a certain lawful general regulation, namely Fort Campbell Regulation 190–5, from which the judge then read aloud to appellant. This reading included paragraph 2, quoted above, with its requirement that the device be possessed with the intent that it be used for unlawful use of a controlled substance. The second element of the offense, as stated by the judge, was "that you had a duty to obey this regulation." "And the third element," the judge said, "is that at Fort Campbell, Kentucky, on or about 23 January 1981, you violated this lawful general regulation by wrongfully possessing one marihuana smoking device, brand name 'Big Hit.'"

Later, in ascertaining whether there was a factual basis for pleading guilty, the judge said—

Now this smoking device; I earlier read that portion of the regulation to you, and are you convinced that this is the type

smoking device which is covered by this regulation?

Appellant replied that it was. The judge then added—

That is, a device specifically designed to smoke marihuana or some other *form of controlled substance.*

Appellant replied, "Yes, sir."

The trial judge might have explained more particularly the intent with which the device was required to be possessed in order for possession of it to constitute a violation of the regulation. Nevertheless, I do not believe that this court is now required to reject the plea of guilty.

We deal in these cases, not with the explanation of law that must be given to triers of fact together with instructing them that conviction requires establishment of each element beyond a reasonable doubt. Instead, we deal with assuring that an accused person, who already has consulted with counsel and decided upon a plea of guilty, understands the offense he is admitting and with assuring that there is a basis in fact for his belief that he is guilty.

There can be in this case no doubt that the device was intended to be used unlawfully, and, for that matter, no doubt about how it was to be used, for it was described throughout as a device for the smoking of marihuana. Appellant expressly admitted to the judge that it had such a purpose. At no time has he asserted that he did not intend that it be so used.

As appellant's brief recognizes, this case differs from *United States v. Furtado*, 43 C.M.R. 837 (ACMR 1971), in which a plea was held improvident, because here appellant was specifically informed of the prerequisite intent by virtue of having the regulation read verbatim to him. To require more under the circumstances of this case would adopt an unnecessarily "structured, formulistic interpretation of *United States v. Care*." *See United States v. Crouch*, 11 M.J. 128, 129–30 (CMA 1981) (Cook, J.) (2–1); *cf. United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980) (factual circumstances revealed by accused objectively supporting plea). I view the record as establishing that the plea of guilty was providently entered and properly received.

## II

The record before us reflects various calculations of the maximum punishment (i.e., as to the authorized term of confinement), which range from 16 years (according to the staff judge advocate's pretrial advice) to 10 years (the military judge's initial computation), to 9 years (the trial counsel's view) to 5 years (motion by the defense to limit punishment), all reflecting differing views on the matter of multiplicity for sentence purposes.

■ Appellant had been charged with violating Article 92 of the Uniform Code of Military Justice, 10 U.S.C. § 892 (1976), by wrongfully possessing 212 tablets of LSD (Charge I, Specification 1). Ten of these had been sold to Military Police Investigator Bailey in appellant's quarters, and an eleventh tablet had been given to Bailey at the same time, and two hundred one additional tablets were found when the quarters were searched a half-hour later. Accordingly, appellant was also charged with wrongful transfer of the 11 tablets to Bailey (Charge I, Specification 2), and wrongful sale of the 10 tablets to Bailey (Charge I, Specification 3). In the light of *United States v. Waller*, 3 M.J. 32 (CMA 1977), these offenses were, under the circumstances, multiplicious for sentencing purposes, authorizing at most confinement for a maximum of two years.

■ Appellant also was charged with violating Article 134 of the Uniform Code, 10 U.S.C. § 934 (1976), by wrongfully possessing five small blocks of marihuana in the hashish form (sold to Bailey with the LSD) together with thirty-nine grams of marihuana in the hashish form (found in the subsequent search of the quarters) (Charge II, Specification 1), wrongfully transferring the five blocks to Bailey (Charge II, Specification 2), and wrongfully selling the five blocks to Bailey (Charge II, Specification 3). Under *Waller*, those three specifications would likewise merge for punishment pur-

poses, authorizing confinement for a maximum term of five years. A fourth specification of Charge II alleged the wrongful possession of eight grams of marihuana, not in the hashish form, also found along with the thirty-nine grams of hashish when the quarters were searched. We regard that specification as merging with the others of Charge II for punishment purposes. *See United States v. Hughes,* 1 M.J. 346 (CMA 1976) (amphetamines, heroin, and hashish concurrently in accused's apartment); *see also United States v. Nelson,* 47 C.M.R. 395 (ACMR 1973) (hashish and marihuana essentially are same drug).

■ We are left, however, with the questions whether the LSD offenses necessarily merge with the marihuana offenses for the purposes of punishment and whether the offense of wrongfully possessing drug paraphernalia (the smoking device), which was Specification 5 of Charge I (a Specification 4 of that Charge was dismissed) in violation of command regulations necessarily merges with the transactional offenses. Appellant contends that such is the case and that the maximum confinement imposable was a term of five years. The military judge believed that confinement for 12 years was authorized (he regarded the several possession offenses as merged for punishment and regarded the transaction offenses as merged, but did not regard the transactions as merging with the possessions; possession of the smoking device he considered separately punishable, too). However, as the prosecution was only contending that the maximum was nine years, based on a somewhat different version of multiplicity, the military judge acceded to that figure. He imposed a sentence that included three years' confinement, which was subsequently reduced to eighteen months by virtue of a plea bargain.

Lacking any indication in the parties' stipulation regarding the events, or in the providence inquiry by the judge, that the sales of LSD and marihuana should be treated as separate events, we regard the correct yardstick for confinement to have been seven years rather than either five or nine. The drug offenses all merged to authorize but five years' confinement. The possession of paraphernalia in violation of command regulations we regard as separately punishable (two years). Since the defense contended that the maximum punishment was even less, no issue as to the providence of the guilty plea arises. *Cf. United States v. Harden,* 1 M.J. 258 (CMA 1976) (plea improvident when accused believed possible punishment was substantially greater than was legally authorized). Nevertheless, since the wrong yardstick was used by both the military judge and the convening authority (the pretrial advice informed him it was 16 years; the post-trial advice, 9), we will grant relief.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for discharge from the service with a bad-conduct discharge, confinement at hard labor for sixteen months, forfeiture of all pay and allowances, and reduction to the grade of private E–1.

Judge COHEN concurs.

McKAY, Judge, dissenting:

I dissent. The subject regulatory provision proscribes possession of any device with the intent, in this instance, of smoking any controlled substance within the meaning of 21 U.S.C. § 801, et seq. (marihuana is such a controlled substance). Simple and plain possession of such a device is not prohibited by the regulation.

During the providence inquiry, the military judge read the pertinent regulation [1]

1. Paragraph 2, Fort Campbell, Kentucky, Regulation 190–5, dated 15 December 1978, which reads:

2. DRUG PARAPHERNALIA. It shall be unlawful and a criminal offense for any person to possess, have under his control, or deliver any device, contrivance, instrument, paraphernalia, or any other item *with the intent* that such device, contrivance, instrument, paraphernalia, or other item be used, by any person, for unlawful administering, smoking, injecting, or otherwise using any

and the following dialogue took place between him and the appellant:

> MJ: Now this smoking device; I earlier read that portion of the regulation to you, and are you convinced that this is the *type* smoking device which is covered by this regulation? [Emphasis added].
>
> ACC: Yes, Sir.
>
> MJ: That is, *a device specifically designed* to smoke marijuana or some other form of controlled substance. [Emphasis added].
>
> ACC: Yes, Sir.[2]

Further, while explaining the elements of the offense to appellant the military judge stated:

> And the third element is that at Fort Campbell, Kentucky, on or about 23 January 1981, *you violated this lawful general regulation by wrongfully possessing* one marijuana smoking device, brand name 'Big Hit.'[3] [Emphasis added].

The military judge made no further inquiry into the appellant's intent with respect to his possession of the "Big Hit" smoking device. In view of the particular wording of the specification, which is misleading in that it appears to allege a violation of the regulation merely by wrongful possession,[4] I believe the inquiry into the providence of the plea was inadequate. In my opinion the military judge confused the appellant by stressing possession of a smoking device of a particular design or type as opposed to possession of a smoking device with a specific intent to use it. Thus he not only misled appellant but failed to establish the factual basis for a violation of the subject regulation.

In *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the Court of Military Appeals required that the military judge inquire of the accused into the facts and circumstances of the act charged in order to establish a factual basis for his determination of guilt. The factual circumstances, as revealed by the accused himself, must objectively support his plea. *United States v. Davenport*, 9 M.J. 364 (CMA 1980). Intent, not possession, is the gravamen of the offense in appellant's case. The inquiry of the military judge fell short and established only simple possession of the smoking device. The required specific intent to use the device for smoking marihuana was not established in the inquiry. Thus the military judge failed to comply with *Care*. As that is the sole responsibility of the military judge, establishment by the defense counsel that the required intent was present and its significance understood by the appellant does not suffice.

The majority opinion relies on the Court of Military Appeals' decision in *United States v. Crouch*, 11 M.J. 128 (CMA 1981), in its conclusion that the military judge's inquiry was adequate because it established appellant's possession of the "Big Hit" smoking device with the knowledge that he had a duty to obey the regulation. This reliance is misguided. In *Crouch* the inquiry clearly established a factual basis that the appellant there intended to aid and abet the criminal acts of his co-actors. The issue in that case was not the failure to establish a factual basis upon which the guilty plea could be accepted, but was whether the failure of the military judge to specifically inquire about his intent without having defined the law of criminal responsibility as an aider and abettor to the appellant rendered his plea improvident.

Finally, I note that the specification alleges "wrongful possession" and that it could be argued that the appellant's acknowledgment that his possession was wrongful infers or even admits the required intent. It could be just as easily concluded,

---

controlled substance with [sic] the meaning of the Controlled Substance Act, 21 U.S.C. § 801, et seq. [Emphasis added].

2. Record of Trial, page 46.

3. Record of trial, page 29.

4. The specification reads:

> Specification 5: In that Specialist Four David E. Clarke ... did ... violate a lawful general regulation ... by wrongfully possessing 1 marijuana smoking ... device brand name 'Big Hit.'

however, that he was referring simply to possession of a device designed to smoke marihuana, particularly in view of the wording of the specification and the manner in which the trial judge questioned and explained the regulation to appellant. Therefore, without further development of the facts, I cannot accept the military judge's inquiry as having been adequate.

I would disapprove the findings of guilty to Specification 5, Charge I, approve the other findings of guilty and reassess the sentence using as a yardstick a maximum imposable sentence of a dishonorable discharge, confinement for five years, total forfeiture of pay and allowances, and reduction to the lowest enlisted grade.