UNITED STATES

v.

Dirk Alan BEARDSLEY, 523 94 1869, Aviation Boatswain's Mate (Handler) Third Class (E–4), U. S. Navy.

NMCM 81 3176.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 May 1981.

Decided 26 March 1982.

---

LT Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LT Joseph J. Portuondo, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

---

658

PER CURIAM:

At a general court-martial before a military judge alone, appellant was convicted, pursuant to his pleas, of a specification of introduction of 100 doses (hits) of lysergic acid diethylamide (LSD) onto the U. S. Naval Station, Keflavik, Iceland, and a sale of 5–10 "hits" of LSD to a fellow serviceman. The introduction and sale occurred "on or about" 28 July 1980. The military judge sentenced Petty Officer Beardsley to be confined at hard labor for 15 months, to be reduced to pay grade E–1, to forfeit all pay and allowances and to be discharged from the naval service with a bad-conduct discharge. The convening authority approved the sentence but suspended the confinement at hard labor in excess of one year and "that portion of the adjudged forfeitures amounting to $130.00 pay per month for the duration of the accused's obligated service as extended."

The appellant's counsel assigns one error: THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY RULING THAT THE OFFENSES OF INTRODUCTION AND SALE OF LSD WERE NOT MULTIPLICIOUS FOR SENTENCING SINCE THE LSD SOLD WAS PART OF THE QUANTUM OF LSD INTRODUCED, RENDERING APPELLANT'S PLEAS IMPROVIDENT AS THERE WAS A 100% MISCALCULATION OF THE IMPOSABLE CONFINEMENT. (R. 18–20). TO HOLD OTHERWISE WOULD SUBJECT APPELLANT TO A PENALTY TWICE AS SEVERE AS THAT APPLICABLE IF HE HAD SOLD THE ENTIRE QUANTITY OF LSD INTRODUCED. (R. 20). SEE UNITED STATES V. SMITH, 1 M.J. 260 (C.M.A. 1976); UNITED STATES V. IRVING, 3 M.J. 6 (C.M.A.1977); UNITED STATES V. WALLER, 3 M.J. 32 (C.M.A.1977); UNITED STATES V. HARDEN, 1 M.J. 258 (C.M.A.1976).

We distinguish the cases cited by appellate defense counsel. None of them involve the multiplicity issue of an introduction of a quantity of drugs and the subsequent sale of a portion thereof on a military installation.

The accused pled guilty to the introduction of approximately 100 "hits" of LSD into the U. S. Naval Station at Keflavik, Iceland, and the subsequent on-base, unsolicited, sale of 5–10 hits of LSD to another serviceman. Both events occurred on the same day. The accused stated he introduced the LSD on the base mainly for his personal use (R.17) and his counsel emphasized that the appellant had "no intent to bring the drugs on for purpose of sale." (R. 19.) See also R. 20. The military judge held that "considering the quantity brought aboard and the quantity sold, it's possible that if the entire amount had been sold to one individual that the two might be multiplicious, but in this case it appears that many more were brought onboard then (sic) were sold and consequently they would not appear to be multiplicious. The court so rules."

In United States v. McBride, No. 75 3061 (N.C.M.R. 16 August 1976) this Court addressed a similar factual situation and reasoned:

Of the 1814 grams that appellant wrongfully "introduced" into the naval installation (of which introduction he was convicted upon his pleas), 52 grams were involved in the wrongful sale of which he also stands convicted. These two offenses involved basic elements which are not identical, as the mere introduction does not require an intent to sell, while the sale offense could lack the on-base requirement of the introduction offense. Further, the two offenses lacked unity as to place, as the introduction was complete when the appellant first entered the base, while the sale was perfected at the C–1 pier, which was removed from the place of appellant's entry onto the base. Finally, the two offenses lacked unity as to time since the appellant had committed the introduction offense immediately upon entering the base, while the sale took place later at the C–1 pier. Each case involving an alleged multiplicity must be decided on its own peculiar facts.

Considering the distinctions between the two offenses, we find that the military judge did not err in instructing the members separately as to the offenses of introduction and sale.

*See also United States v. White*, No. 76 1234 (N.C.M.R. 25 August 1976).

Consequently, we hold that the introduction of a quantity of drugs onto a military installation, and the subsequent sale of a portion thereof, are not multiplicious for sentencing purposes, even when these events occur on the same day.

The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.