UNITED STATES

v.

Gilbert E. DeSOTO, 567 96 3998, Staff Sergeant (E–6), U.S. Marine Corps.

NMCM 82 1487.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 Jan. 1982.

Decided 30 Dec. 1982.

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LT Lois B. Agronick, JAGC, USNR, Appellate Defense Counsel.

LT Ronald S. Wasilenko, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, Judges.

GLADIS, Senior Judge:

The accused contends on appeal that the military judge erred in treating specifications alleging sale and possession of marijuana as separate offenses and that the sentence was inappropriately severe. We reject the first contention, but find merit in the second.

I

*Multiplicity*

On 4 November 1981, in his quarters, the accused sold half an ounce of marijuana to an informant. Fifteen minutes later his quarters were searched and an ounce or ounce and a half of marijuana was discovered. The military judge treated the sale of the first amount and the possession of the second amount as separate offenses.

On allegation alone, wrongful sale and wrongful possession of a controlled substance may be sufficiently unrelated as to justify separate punishment. Generally, however, the duplication of two or more offenses for the purpose of punishment is not determined only by reference to the specifications of the offenses; the facts in each case are controlling. *United States v. Smith,* 1 M.J. 260 (C.M.A.1976). Sale and possession at the same time and place constitute a single offense even though the amount the accused is charged with possessing is that retained after the sale and thus differs from the amount sold. *United States v. Irving,*[1] 3 M.J. 6 (C.M.A.1977). Attempted sale shortly before and at the same place as the possession of the same amount is also multiplicious. *United States v. Smith, supra; United States v. Harden,* 50 C.M.R. 354 (A.C.M.R.1975), *rev'd on other grounds,* 1 M.J. 258 (C.M.A.1976). Of course there is continuing possession in the attempted sale cases.

Where, as in the case before us, the completed sale occurs, not at the same time as, but a few minutes before, the possession in the same place of a different amount

---

1. In *Irving,* the accused retained an interest in the amount transferred. This fact was not de-terminative, however.

from, albeit the remainder of, the amount sold, the offenses are separate. *See United States v. Wessels,* 8 M.J. 747 (A.F.C.M.R. 1980), *pet. denied,* 10 M.J. 13 (C.M.A.1980)[2]. *Contra, United States v. Walls,* 3 M.J. 882 (A.C.M.R.1977). There is neither unity of time as in *Irving* nor a continuing possession as in *Smith.* Thus, the military judge did not err.

## II

### Sentence Appropriateness

■ In addition to the offenses mentioned above the accused was convicted of the sale of marijuana on another occasion. In view of his long service and good record and the circumstances surrounding the offense, we find a dishonorable discharge to be inappropriate. Accordingly, the findings of guilty and only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for 12 months, total forfeitures, and reduction to pay grade E–1 are affirmed.

Judge BYRNE concurs.

MALONE, Judge (concurring in part/dissenting in part):

On 2 November 1981, appellant sold one half ounce of marijuana to Sergeant K, a friend and a noncommissioned officer junior to appellant. Sergeant K later turned out to be a Government informant. Two days later, appellant again sold one half ounce of marijuana to Sgt K from his home in base housing. Shortly following Sgt K's departure from the premises, he returned in the company of other Government agents with a search warrant. Appellant was arrested, his home searched, and the residual amount of marijuana remaining after the earlier sale was seized. Each of these events, the

two sales and the possession of the retained marijuana, were the objects of the Government's charges in this case.

Although I concur with the decision of the majority which concludes that the offenses for which appellant was convicted were separate for the purpose of aggregating the punishment of each, I do so for reasons other than those relied upon by the majority. Their decision is bottomed in the opinion that the completed sale on 4 December 1981 occurred not contemporaneously with the possession, but fifteen minutes prior to that event. Hence, unity of time and place are of primary concern to the majority in reaching their conclusion. *Compare United States v. Irving,* 3 M.J. 6 (C.M.A. 1977), and *United States v. Smith,* 1 M.J. 260 (C.M.A.1976).

Yet, reliance on such a simplistic yardstick as the unity of time and place lulls one to forsake those other measures of multiplicity which, in my opinion, are the better measure in this instance. I have arrived at this conclusion because I have great difficulty in not finding these to be a single integrated transaction under the circumstances of this case assuming the correctness of the majority's interpretation of the Court of Military Appeals' decision in *Irving.* Because that interpretation reaches a conclusion that seems to fly in the face of so many other decisions of our High Court which lead me to a contrary opinion, I cannot join the majority in their interpretation of *Irving.* And, if their interpretation be correct, then I can only conclude *Irving* to have been wrongly decided and an anomaly in the body of law dealing with the multiplicity and separateness of offenses for the purposes of punishment.

---

**2.** In *Wessels* the court attempted to distinguish *Irving* on the grounds that, in effect, there was a continuing possessory interest in the amount sold in *Irving,* but not in *Wessels* and that, in *Wessels,* the amount of the remainder greatly exceeded the amount sold. As noted in footnote 1, *supra,* the continuity of possession did not determine the result in *Irving.* Since unity of time was determinative in *Irving,* we do not subscribe to the rationale in *Wessels* although

we agree with the result. In *United States v. Clarke,* 13 M.J. 566 (A.C.M.R.1982), the Army court found sale and possession to be multiplicious where the sale occurred a half hour earlier but the amount the accused was charged with selling was included in the amount allegedly possessed. The Army court relied on *United States v. Waller,* 3 M.J. 32 (C.M.A. 1977), a case in which the sale and possession of a larger amount occurred at the same time.

Assume for the moment that the *Irving* court relied solely on the yardstick of unity of time and place to conclude Irving's transfer of heroin and his retention of the balance of the heroin did not warrant his separate punishment for transfer and possession. This, then, would lead one to believe the High Court considered these two offenses to have merged into a single integrated transaction. *Compare United States v. Smith,* 1 M.J. 260 (C.M.A.1976) *with United States v. Pearson,* 19 U.S.C.M.A. 379, 41 C.M.R. 379 (1970), *United States v. Murphy,* 18 U.S.C.M.A. 571, 40 C.M.R. 283 (1969), *United States v. Payne,* 12 U.S.C.M.A. 455, 31 C.M.R. 41 (1961), *and United States v. Rosen,* 9 U.S.C.M.A. 175, 25 C.M.R. 437 (1958). When confronted with the lead of the High Court that acts amounting to one continuous, simultaneous action[1] or the existence of an insistent flow of events or a continuation of a momentarily interrupted act[2] are circumstances precluding separate punishment, I am left to conclude that the circumstances of this case preclude the separate punishment of Staff Sergeant DeSoto for his sale of one half ounce of marijuana and his retained possession of the remainder.

This, of course, is where my brethren and I have parted company. They believe the lapse of time between the sale and the possession at the time of seizure to have so attenuated the merged circumstances of the sale and the possession of the remainder as to permit their punishment as separate offenses. The brief interval between the act of Sgt K's purchase and his return to arrest appellant did not, in my opinion, generate a change in the circumstances of appellant's possession significantly different from that of his possession at the moment of the sale. The Army Court of Military Review did not find there to be sufficient attenuation in a 30 minute interlude. *United States v. Clarke,* 13 M.J. 566 (A.C.M.R.1982).

The mental gymnastics required of one tasked with deciding when there has been sufficient attenuation of the merger so as to arrive at the ultimate decision of what is and what is not multiplicious diverts one's attention from those superior measures of multiplicious offenses available to sentencing and reviewing authorities. What amount of time, then, is necessary to overcome the merger of the acts into a single integrated action? Taken to its literal interpretation, the majority's decision prescribes that any lapse of time or displacement of location destroying the unity of time and place will attenuate the merger of the acts. The lapse of but one minute, the time necessary for an informant to cross a street and alert his fellow agents, will suffice. The movement of the accused across the street with the informant, or around a corner, will destroy the unity of place. But logic dictates that there is no real difference between the offenses committed contemporaneously, evincing unity of time and place, and the hypothetical situations offered.

It is just such a "factual morass" as this that Chief Judge Fletcher criticized as a judicially unsound measure of multiple offenses permitting multiple punishment. *Smith,* 1 M.J. at 262 (Fletcher, C.J., concurring in the result). I disagree, however, with his conclusion that a better restatement of the rule would be to hold the multiple punishment of all multiple drug offenses inappropriate where the drug distributed, transferred, used, or sold was a part or the whole of the quantum of the drug possessed. *Id.* at 262. I must admit that the simplicity of the majority's rule avoids a factual morass. But it provides no meaningful distinction for the disparate treatment of those hypothetical situations discussed above.

There are superior measures of the question at hand. The proof of one offense does not prove the other. *United States v. Haliburton,* 9 U.S.C.M.A. 694, 26 C.M.R. 474 (1958); *United States v. Redenius,* 4 U.S.C.

---

1. *Cf. United States v. Leach,* 5 U.S.C.M.A. 466, 18 C.M.R. 90 (1955).

2. *Compare United States v. Ompad,* 15 U.S.C.M.A. 593, 36 C.M.R. 91 (1966) *with United States v. Swigert,* 8 U.S.C.M.A. 468, 24 C.M.R. 278 (1957).

M.A. 161, 15 C.M.R. 161 (1954). *But cf. United States v. Mabry,* 2 M.J. 412, 414, n. 2 (A.C.M.R.1975). No similarity of proof exists in regard to a single act committed by appellant. *United States v. Dicario,* 8 U.S. C.M.A. 353, 24 C.M.R. 163 (1957). Charges are deemed not to be multiplicious when they violate different societal norms. *United States v. Harrison,* 4 M.J. 332 (C.M.A. 1978); *United States v. Beene,* 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954). Breaches of separate duties give rise to separate offenses. *United States v. Soukoup,* 2 U.S.C.M.A. 141, 7 C.M.R. 17 (1953). Neither offense was a lesser included offense of the other. *United States v. Maginley,* 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963); *United States v. Posnick,* 8 U.S.C.M.A. 201, 24 C.M.R. 11 (1957). Each offense required a different overt act. *Redenius,* 4 U.S.C.M.A. at 166, 15 C.M.R. at 166. The sale requires proof of an element not required to prove possession. Paragraph 76a (5), MCM. *But cf.* paragraph 76a (6), MCM. There existed no single impulse or intent. *United States v. Kleinhans,* 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964).

Under any one or a combination of these measures, the offenses here in question were separate for purposes of punishment. The Court of Military Appeals itself has cast doubt on the efficacy of the single integrated transaction as a single measure of the question. *United States v. Burney,* 21 U.S.M.C.A. 71, 44 C.M.R. 125 (1971); *United States v. Larney,* 2 U.S.C.M.A. 563, 10 C.M.R. 61 (1953).

Accordingly, I submit that the Court of Military Appeals relied on more than unity of time and place as stated by the majority in finding the sale and possession of heroin in *Irving* to be multiplicious offenses, notwithstanding the effect of the continuity of possession. Certainly, their decision in *Smith* and *United States v. Axley,* 1 M.J. 265 (C.M.A.1976) do not provide the sole basis for that holding. *Smith* is readily distinguishable and *Axley* provides no factual basis to give support to any of these cases.

Further evidence of this conclusion is derived from the denial by the Court of Military Appeals of the petition for review of the Air Force Court's treatment of the somewhat analogous situation in *United States v. Wessels,* 8 M.J. 747 (A.F.C.M.R. 1980), *pet. denied* 10 M.J. 13 (C.M.A.1980). Far more convincing and justifiable measures of this question are detailed therein than can be derived from *Irving* and *Smith.* These are the different legal and societal norms concerned which, when applied to *Irving,* stand that decision on its ear. Surely the Court of Military Appeals did not intend to be stood on its ear when it denied the *Wessels* petition.

Finally, I must dissent from that decision of the majority which holds a dishonorable discharge to be an inappropriate sentence in this case. That discharge is manifestly appropriate, the appellant's unblemished service of eight years notwithstanding. A staff noncommissioned officer of the United States Marine Corps may not be deserving of a dishonorable discharge when his involvement with drugs is of a personal nature. He or she is certainly deserving of one under the circumstances of this case where he or she assists in the proliferation and perpetuation of drug usage not only in the Marine Corps but among its noncommissioned officers in whom the real leadership of the Corps has always been bottomed.

Certainly the meritorious record of Staff Sergeant DeSoto was no better than that of Aviation Ordinanceman First Class Ruscitti whose sentence to a dishonorable discharge was only recently approved by this panel. *United States v. Ruscitti,* No. 81 3008 (N.M. C.M.R. 16 December 1982).